545 So.2d 851 (1989)
Robert Bernard FRANKLIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 72488.
Supreme Court of Florida.
June 15, 1989.
*852 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for respondent.
BARKETT, Justice.
We have for review Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988) (en banc), which certified the following question of great public importance:
Having sentenced a defendant to a term of incarceration followed by probation or community control, may the court after a violation of the probation or community control, impose any sentence which could have been originally imposed with credit for time served and must such sentence be within the guideline range unless valid reasons for departure are given[?]
Id. at 164. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In the recent opinion of Poore v. State, 531 So.2d 161 (Fla. 1988), we cited with approval the opinion of the Fifth District below, id. at 164, and held that Florida law recognizes two forms of "split sentences." The first, a "true split sentence," occurs when the judge sentences the defendant to incarceration but suspends a portion of the term. The second, a "probationary split sentence," occurs when the judge sentences a defendant to a period of incarceration followed by a period of probation or any form of community control. The sentence in this instance is of the second type.
Under Poore, a judge is entitled to impose a true split sentence for any length of time provided by law so long as the incarcerative portion falls within the guidelines recommendation, assuming no valid reason for departure exists for the initial sentence. Upon the violation of probation after incarceration, the judge then may resentence the defendant to any period of time not exceeding the remaining balance of the withheld or suspended portion of the original sentence, provided that the total period of incarceration, including time already served, may not exceed the one-cell upward increase permitted by Florida Rule of Criminal Procedure 3.701(d)14. Any further departure for violation of probation is *853 not allowed. Lambert v. State, 545 So.2d 838, 841-842 (Fla. 1989).
In cases involving a probationary split sentence, the judge also may impose sentence for any length of time provided by law so long as the incarcerative portion does not exceed the guidelines, unless a valid reason for departure exists. Upon the violation of probation, however, the judge then may sentence the defendant to any period of incarceration permitted by the guidelines up to the maximum provided by the one-cell upward increase, with credit for time served. See Fla.R.Crim.P. 3.701(d)14.
In the present case, petitioner had served 3 years and 43 days of incarceration and then violated the terms of his subsequent community control. Upon resentencing, the guidelines range without the one-cell upward increase was 12 to 17 years, whereas it would have been between 17 and 22 years with the upward increase. Effectively, the recommended sentencing range in this instance was between 12 and 22 years. This meant the judge could have imposed additional incarceration of between 8 years, 322 days and 18 years, 322 days, since petitioner already had served 3 years, 43 days.
The judge in this case resentenced defendant to two concurrent terms of 15 years, with credit for time served, for a total additional incarceration of 11 years, 322 days. This sentence met the requirements of Florida law. Under Florida Rule of Criminal Procedure 3.701(d)14, the judge may, but is not required to, increase upward by one cell. In this instance, the judge validly exercised his discretion not to increase, but chose to impose a sentence in the lower end of the permissible range.
We give a qualified affirmative answer to the certified question. Upon a violation of probation during a probationary split sentence, a trial court may resentence the defendant to any term falling within the original guidelines range, including the one-cell upward increase. However, no further increase or departure is permitted for any reason. Lambert. We approve the result reached below.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.