546 So.2d 441 (1989)
Steven Craig KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-02676.
District Court of Appeal of Florida, Second District.
July 5, 1989.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
*442 Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Steven Craig Kelly, challenges the judgments and sentences imposed upon him for robbery with a firearm and second degree grand theft. We reverse the judgment and sentence imposed for grand theft.
The appellant was charged with second degree grand theft in violation of section 812.014(2)(b), Florida Statutes (1985), and robbery with a firearm in violation of section 812.13(2)(a), Florida Statutes (1985). The charges were based upon an incident involving the robbery of a gas station on June 2, 1987. A jury subsequently found the appellant guilty on both counts. The trial court adjudicated the appellant guilty of both offenses and sentenced him accordingly. This timely appeal followed.
We agree with the appellant's contention that he cannot be convicted of both robbery and grand theft for a single underlying act. See Carawan v. State, 515 So.2d 161 (Fla. 1987). Although Carawan has apparently been superseded by the enactment of section 775.021(4)(b), Florida Statutes (1988 Supp.), State v. Barritt, 531 So.2d 338 (Fla. 1988), this statute cannot be applied retroactively to the appellant's disadvantage. See Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); Meadows v. State, 534 So.2d 1233 (Fla. 4th DCA 1988). We, accordingly, reverse and remand to the trial court to vacate the appellant's conviction and sentence for grand theft.
It is not necessary, however, to resentence the appellant since the recommended guidelines range remains the same after the points for the grand theft offense are removed from the appellant's scoresheet. See Huggins v. State, 537 So.2d 207 (Fla. 4th DCA 1989). We find no merit in the appellant's remaining contentions and, therefore, affirm the trial court in all other respects.
Affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL, C.J., and RYDER and SCHOONOVER, JJ., concur.