FRANK, Judge.
The appellant was convicted of armed robbery, burglary, grand theft, and aggravated battery after he and a cohort entered the victim’s dwelling, battered him about the head with an axe handle and a steel bar, and stole money from a safe. Of the issues raised, we find merit only in the contention that the appellant was improperly convicted of grand theft for the same stolen money that was the object of the armed robbery. We recently addressed this identical issue in Kelly v. State, 546 So.2d 441 (Fla. 2d DCA 1989), and concluded, on the authority of Carawan v. State, 515 So.2d 161 (Fla.1987), that the conviction for grand theft, which is a lesser included offense of armed robbery, could not stand. Although Carawan has been superseded by section 775.021(4)(b), Florida Statutes (1988 Supp.), we noted in Kelly that ex post facto considerations preclude retroactive application of the statute. State v. Smith, 547 So.2d 613 (Fla.1989).
Accordingly, this cause is remanded for the trial court to vacate the grand theft conviction. In all other respects this matter is affirmed.
DANAHY, A.C.J., and PATTERSON, J., concur.