GARRETT, Judge,
concurring specially.
On February 6,1985 appellant entered no contest pleas to charges of grand theft and robbery. As a youthful offender, on the grand theft charge appellant received a “split sentence” of four years imprisonment with jail credit of 128 days to be followed by two years of community control. On the robbery charge appellant was placed on probation for a period of fifteen years to run consecutive.
On March 3, 1985 appellant arrived at the Indian River Correctional Institution (IRCI) to begin serving the prison portion of his “split sentence.”
After serving 432 days at IRCI, on May 9, 1986 the Department of Corrections (DOC) transferred appellant to a community work release program at the Lake City correctional facility.
Fifty-nine days later, on July 7, 1986 DOC assigned appellant to live with his mother under supervised community release.
*293 On October 1,1986 a Florida correctional probation officer wrote appellant that his term of supervised community release had been completed as of that date. The letter concluded as follows: “Best wishes for a very successful future.”
On October 4, 1986 California authorities arrested appellant for auto theft.
On October 23, 1986 DOC filed an affidavit alleging appellant violated probation by failing to report to his probation office within seventy-two hours of being released on July 7, 1986 and by committing the California crime.
California sentenced appellant to two years in prison and in January of 1988 extradited him to Florida.
On March 23, 1988 the trial judge revoked appellant’s probation and imposed a five-year jail sentence on the grand theft charge and a fifteen-year jail sentence on the robbery charge to run consecutive with credit for 715 days time served.
Like Poore and Chapman, appellant had completed the imprisonment portion of his “split sentence” before the probation portion was revoked. Termination of appellant’s supervised community release completed the prison part of his “split sentence.” It should be noted the state revoked appellant’s probation (community control), not his prison release status.
Except as limited by the guidelines one-cell upward increase, with credit for any appropriate time served and earned gain-time, the trial judge could resentence appellant to serve all of the two-year probation period of the original grand theft “split sentence” and all of the consecutive fifteen-year probation period of the original robbery sentence. The appellant could not be resentenced to serve any additional jail time on the completed imprisonment portion of his “split sentence.” See State v. Green, 547 So.2d 925 (Fla.1989); Franklin v. State, 545 So.2d 851 (Fla.1989).