PER CURIAM.
The appellant challenges the judgments and sentences imposed upon him after he was found guilty of burglary, robbery, aggravated battery, and grand theft. We find that the appellant was erroneously convicted and sentenced for the crime of grand theft, but affirm the trial court in all other respects.
The charges and convictions in this case arose out of an incident where the appellant and two companions entered the victim’s apartment, beat him with a baseball bat, assaulted him with a gun, and took his cash. The convictions for robbery and grand theft were based upon the single act of taking the victim’s cash.
We agree with the appellant’s contention that he cannot be convicted of both robbery and grand theft for a single underlying act. See Carawan v. State, 515 So.2d 161 (Fla.1987). See also Seay v. State, No. 87-02204, — So.2d — (Fla. 2d DCA Aug. 16, 1989); Kelly v. State, 546 So.2d 441 (Fla. 2d DCA 1989). Although Carawan has been superseded by section 775.021(4)(b), Florida Statutes (1988 Supp.), retroactive application of the statute is prohibited. See State v. Smith, 547 So.2d 613 (Fla.1989).
We, accordingly, reverse and remand to the trial court with instructions to vacate appellant’s conviction and sentence for grand theft. Since the recommended guidelines sentencing range remains the same after the points for the grand theft conviction are removed from the appellant’s scoresheet, it is not necessary to resentence him. Kelly. See also Huggins v. State, 537 So.2d 207 (Fla. 4th DCA 1989).
We find no merit in the appellant’s remaining contentions and, accordingly, affirm the trial court in all other respects.
Affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL, C.J., and SCHOONOVER and PATTERSON, JJ., concur.