549 So.2d 1385 (1989)
Jimmy Jones SCOTT, Petitioner,
v.
STATE of Florida, Respondent.
No. 73331.
Supreme Court of Florida.
October 12, 1989.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Joan Fowler and Lynn Waxman, Asst. Attys. Gen., West Palm Beach, for respondent.
PER CURIAM.
We have for review Scott v. State, 531 So.2d 1068 (Fla. 4th DCA 1988), which certified the following questions of great public importance:
1. Is that portion of Chapter 87-110, Laws of Florida, which amends section 921.001(5), Florida Statutes, applicable to appellate review of sentences imposed for offenses committed prior to July 1, 1987?
2. Upon revocation of probation because of the commission of a subsequent criminal act, may the conviction for the subsequent criminal act be utilized as a justification for departing from the sentencing guidelines?
Id. at 1068-69. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We have answered the first certified question in the negative in State v. McGriff, 537 So.2d 107 (Fla. 1989). The second certified question has been answered with a qualified negative in Lambert v. State, 545 So.2d 838, 841 (Fla. 1989). Accord Franklin v. State, 545 So.2d 851, 853 (Fla. 1989). In Lambert we held that a departure based on violation of probation may not exceed the one-cell upward departure permitted by the sentencing guidelines. Fla.R.Crim.P. 3.701(d)(14).
Accordingly, we quash the opinion below and remand for reconsideration in light of our holdings in McGriff and Lambert.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs as to the first question, but dissents as to the second question.