DANIEL, Chief Judge.
The defendant Buddy Collins appeals his departure sentence imposed after he pleaded no contest to a violation of probation and the commission of three new substantive offenses. Two of the stated reasons for departure, the substantial and egregious nature of the probation violation and the failure of past rehabilitation, are invalid. See Scott v. State, 549 So.2d 1385 (Fla.1989); Franklin v. State, 545 So.2d 851 (Fla.1989); Lambert v. State, 545 So.2d 838 (Fla.1989).
The third reason for departure is the timing of the offenses. The Florida Supreme Court has held that the timing of offenses in relation to prior offenses and release from incarceration may serve as a clear and convincing reason for departure since this aspect of prior criminal history is not already factored in to arrive at a presumptive guideline sentence. State v. Jones, 530 So.2d 53 (Fla.1988); Tillman v. State, 525 So.2d 862 (Fla.1988); Williams v. State, 504 So.2d 392 (Fla.1987). Because of the very strong language in recent cases holding that a departure from the sentencing guidelines should never be permitted in a violation of probation case,[1] it is not clear whether timing of the offenses may be considered. Even assuming that a departure based on timing is permitted, the record does not support this reason. The defendant was placed on community control in August 1986. The community control was modified to probation in April 1988. The defendant committed the substantive offenses in July 1988. The commission of new offenses some 23 months after being sentenced does not support departure. See Jones (new offenses committed 10 months and 15 months after release on parole failed to establish a pattern of committing new crimes within a short period of time following release; thus departure was not justified). Since the written reasons do not support departure, the defendant’s sentence is reversed and the cause remanded for resentencing to the presumptive guidelines sentence.
REVERSED and REMANDED.
GOSHORN and HARRIS, JJ., concur.

. See, e.g., Dewberry v. State, 546 So.2d 409 (Fla.1989); Franklin.