559 So.2d 292 (1990)
Brian Lloyd ELLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-217.
District Court of Appeal of Florida, Fifth District.
March 29, 1990.
*293 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dee R. Ball, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Chief Judge.
Defendant, Brian Lloyd Ellis, appeals the departure sentence imposed on him after he pleaded no contest to violating his probation and to committing three new substantive offenses. Defendant argues that the reasons given by the trial court for imposing a departure sentence are invalid and that he should have been sentenced within the guidelines. We agree and reverse.
Three of the stated reasons for departure, the substantial and egregious nature of the probation violation, the failure of past rehabilitation, and the fact that defendant committed the offense of grand theft while on probation for committing grand theft are invalid. See Scott v. State, 549 So.2d 1385 (Fla. 1989); Franklin v. State, 545 So.2d 851 (Fla. 1989); Lambert v. State, 545 So.2d 838 (Fla. 1989).
The fourth reason for departure is the timing of the offenses and the fifth reason is defendant's escalating, persistent and continuing pattern of criminal activity. The Florida Supreme Court has held that these reasons may serve as clear and convincing reasons for departure because these aspects of a defendant's prior criminal history are not already factored into the presumptive guidelines sentence. State v. Jones, 530 So.2d 53 (Fla. 1988); Tillman v. State, 525 So.2d 862 (Fla. 1988); Williams v. State, 504 So.2d 392 (Fla. 1987). In recent cases, however, the supreme court has indicated that a departure from the sentencing guidelines is not permitted in any violation of probation case[1] and, therefore, it is not clear whether these reasons may be considered in cases such as this where, in addition to being adjudicated guilty of violating his probation, the defendant has been adjudicated guilty of new substantive offenses. Even assuming, however, that a departure based on timing or on an escalating pattern of criminal activity is permitted, the record here does not support departure based on these reasons. As for timing, the defendant was placed on probation in June of 1987. He committed the new substantive offense eleven months later, in May of 1988. The commission of new offenses eleven months after being placed on probation is not sufficient to justify imposition of a departure sentence. See Jones. Compare White v. State, 481 So.2d 993 (Fla. 5th DCA 1986). As for defendant's pattern of criminal activity, in Jones, the supreme court ruled that in order to constitute a clear and convincing reason for departure, the sentencing court must recite the specific pattern of conduct evidencing defendant's frequent contacts with the criminal justice system. The departure order here fails to comply with this mandate.
Since the written reasons do not support departure, defendant's sentence is reversed and the cause remanded for resentencing within the presumptive guidelines.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] See Dewberry v. State, 546 So.2d 409 (Fla. 1989); Franklin.