ALTENBERND, Judge.
Daniel Jones appeals his conviction for first-degree premeditated murder. We affirm the conviction without discussion. The defendant also appeals his sentences for burglary and grand theft, which were entered on a violation of probation. The violation of probation was based on the murder. Even though the trial court en *57 tered a total sentence that is more than one cell above the permitted range on the defendant’s scoresheet, we affirm the sentence because an unscored capital conviction is a valid reason to depart upward on a sentence for a violation of probation. We recognize that our holding may be contrary to the broad language in Lambert v. State, 545 So.2d 851 (Fla.1989), and Ree v. State, 565 So.2d 1329 (Fla.1990), but we believe that this case is distinguishable from those cases and that our holding is compatible with their reasoning.
In May 1988, the defendant committed burglary and grand theft. After an information was filed, the defendant entered into a negotiated plea agreement. Under the plea agreement, he pleaded guilty to these two offenses and was sentenced to two concurrent five-year periods of probation. The court entered the judgments and sentences for these crimes on December 14, 1988. At that time, a category five scoresheet was prepared. Both the recommended and the permitted ranges on that scoresheet provided for any nonstate prison sanction.
In May 1989, the defendant brutally murdered his girlfriend. The defendant was indicted for first-degree premeditated murder. The state also sought to revoke his probation. A jury convicted the defendant of first-degree premeditated murder and recommended by a vote of 8 to 4 that he be sentenced to death. On January 25, 1990, the trial court conducted the sentencing hearing and the violation of probation hearing. At sentencing, the trial court determined that mitigating factors required entry of a life sentence. Thus, it entered a life sentence with a mandatory minimum term of twenty-five years’ imprisonment on the capital offense. Simultaneously, the trial court found that the defendant had violated the terms of his probation and entered consecutive sentences of fifteen years’ imprisonment for burglary and five years’ imprisonment for grand theft. The trial court prepared a written explanation of its reasons for departure, which explained that the capital crime was not a scoreable offense. Since the capital crime effectively deprived the trial court of a new scoresheet that would have allowed for a greater sentence, the trial court concluded that the capital offense was a valid basis for an upward departure sentence on the violation of probation. We note that the trial court’s reasoning is supported by the rules governing simultaneous sentencing for a capital offense and an additional scoreable offense. Lamb v. State, 532 So.2d 1051 (Fla.1988); Newsome v. State, 546 So.2d 1079 (Fla. 2d DCA 1989).
If the trial .court had followed the broad language of Lambert, it could not have departed upward beyond the one-cell increase based on “factors related to violation of probation or community control.” Lambert, 545 So.2d at 842. Likewise, Ree states:
We recently have held that any departure sentence for probation violation is impermissible if it exceeds the one-cell increase permitted by the sentencing guidelines.
Ree, 565 So.2d at 1331 (emphasis original). Both Lambert and Ree explain that their rule is necessary to prevent punishment for an unconvicted offense and to prevent “double-dipping,” i.e., scoring a factor in two locations on the scoresheet and thereby improperly increasing the punishment of either the new offense or the probationary offense. In this case, however, the new capital offense was a convicted offense and was not reflected in the scoresheet. No double-dipping occurred in this case.
The trial court determined that it was not bound by the Lambert decision because the factual circumstances of this case did not fit within the rationale explained in that opinion. Instead, the trial court decided to apply an analogous rule that permits trial courts to depart upward from the sentencing guidelines at the initial sentencing based upon a defendant’s unscored capital conviction. See Hansbrough v. State, 509 So.2d 1081 (Fla.1987). See generally Taylor v. State, 563 So.2d 822 (Fla. 2d DCA 1990). We agree with the trial court's decision that the reasoning and policies that are served in Hansbrough are equally served in this case.
*58 Florida Rule of Criminal Procedure 3.701(d)(14), as adopted by the legislature in section 921.0015, Florida Statutes (1987), states:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
Despite the broad language in Lambert, this statutory rule seems to permit a departure above a one-cell increase if a valid reason for departure is properly articulated. In Williams v. State, 559 So.2d 680 (Fla. 2d DCA 1990) (en banc), this court recently authorized a departure sentence of more than one cell because multiple noncriminal violations of probation did not fall within the rationale of Lambert. The facts of this case are far more compelling than the circumstances in Williams. Thus, we hold that an unscored capital offense for which a conviction has been obtained and which is not calculated into the scoresheet is a valid reason to depart upward in excess of one cell for a sentence imposed on violation of probation.
Affirmed.
RYDER, A.C.J., and PARKER, J., concur.