625 So.2d 920 (1993)
John C. WILCOX, Appellant,
v.
STATE of Florida, Appellee.
No. 92-4317.
District Court of Appeal of Florida, First District.
October 15, 1993.
Nancy A. Daniels, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Before us is an appeal from a sentence imposed following the revocation of Appellant's probation. The record reveals that Appellant was originally charged by information in April 1988 with capital sexual battery; however, he ultimately entered a plea of guilty to the lesser-included offense of attempted capital sexual battery. The negotiated plea form shows that Appellant pleaded to a true split sentence of 20 years' incarceration, with 10 years suspended, followed by 10 years' probation. The plea form also indicates that Appellant stipulated "to an above the guidelines sentence in exchange for a plea to the lesser included offense." Consistent with the negotiated plea, Appellant was sentenced in August 1988 to 20 years in prison, suspended after 10 years, the remainder to be served on probation. In contrast, the recommended guidelines sentence was 5 1/2 to 7 years' incarceration.
On October 6, 1992, an affidavit of violation of probation was filed alleging Appellant violated probation within 72 hours of his release from prison. Following a hearing, the trial court found Appellant had violated his probation and sentenced him to 20 years in prison with credit for time served of 10 years, 32 days. In challenging his resentencing, Appellant contends that since he originally received a true split sentence, the trial court was constrained by language in the supreme court's decision in Poore v. State, 531 So.2d 161 (Fla. 1988), as well as in this court's decision in Hosmer v. State, 523 So.2d 184 (Fla. 1st DCA 1988), to resentence appellant within the limitations imposed by the sentencing guidelines recommendation. The resulting sentence, including a one-cell bump-up for violation of probation, would be 4 1/2 to 9 years. However, since he has already served a sentence in excess of the maximum recommended guidelines range, Appellant argues *921 he is entitled to immediate release. We disagree.
We find that the cases relied on by Appellant are distinguishable from the instant one as none involved a negotiated plea agreement to a true split sentence. Under the instant circumstances, upon revocation of Appellant's probation, the trial court was entitled to impose a sentence for the remaining balance of the suspended portion of Appellant's sentence pursuant to the original plea agreement. See § 948.06(1), Fla. Stat. (1987). See also State v. Johnson, 585 So.2d 272, 274 (Fla. 1991) (McDonald, Justice, specially concurring).
Accordingly, Appellant's sentence is hereby AFFIRMED.
ZEHMER, C.J., and JOANOS and WEBSTER, JJ., concur.