PER CURIAM.
The state concedes that the record in this case is unclear as to whether the trial court relied on an original scoresheet which was subsequently corrected in order to comply with the negotiated plea. Based on the corrected scoresheet, the sentence imposed for this violation of probation exceeds the one-cell bump authorized by Franklin v. State, 545 So.2d 851 (Fla.1989), and Lambert v. State, 545 So.2d 838 (Fla.1989). We therefore reverse and remand for resentencing. If, as the state urges, the court intended the additional bump because it would have been appropriate at the original sentencing because the sentence under appeal was partially based on an earlier violation of probation involved in that original sentencing, that should be made clear in the record.
REVERSED and REMANDED for RE-SENTENCING.
HARRIS, C.J, and COBB and GRIFFIN, JJ, concur.