ALTENBERND, Acting Chief Judge.
This is Bobby Adams’ third appeal of sentences imposed in case number 87-2873. We must reverse the sentences one more time and remand for resentencing.
In July 1987, Mr. Adams was initially sentenced in case number 87-2873 on four counts arising out of a serious burglary and robbery episode. On the three relevant counts, he received concurrent true split sentences, the longest of which were life sentences. Each life sentence was suspended after nine years, followed by life probation. This court affirmed those sentences in Adams v. State, 548 So.2d 1179 (Fla. 2d DCA 1989).
In 1990, while already on probation for the offenses committed in case number 87-2873, Mr. Adams committed another serious burglary and robbery in case number 90-6148. The trial court declared Mr. Adams a habitual violent felony offender for the new offenses and imposed two concurrent life sentences. The trial court also revoked probation in ease number 87-2873, and for the first time in that case, declared the defendant to be a habitual violent felony offender. It then sentenced Mr. Adams to the balance of the original split sentences, which terms were to run consecutively to sentences imposed in case number 90-6148.
*1114 In a second appeal, this court reversed the sentences imposed in case number 87-2873, holding that Mr. Adams could not be declared and sentenced as a habitual offender on those offenses for the first time upon revocation of probation. We also reversed the sentences in case number 90-6148 because the trial court mistakenly thought it must impose life terms upon declaring Mr. Adams to be a habitual violent felony offender. See Adams v. State, 609 So.2d 176 (Fla. 2d DCA 1992).
On remand, the trial court sentenced Mr. Adams to life imprisonment in case number 87-2873 and deleted the reference to the habitual felony offender classification in that case. It once again imposed life sentences for the 1990 offenses, consecutive to the sentences for the 1987 offenses. The sentences for the 1990 offenses are not contested in this appeal.
Mr. Adams argues that the life sentences for the 1987 offenses are greater than that permitted by a one-cell bump for the violation of probation. The state recognizes that Franklin v. State, 545 So.2d 851 (Fla.1989), supports Mr. Adams’ argument, but maintains that a different outcome is allowed in this case because the trial court filed reasons for departure at the original sentencing hearing in 1987.
Although the trial court filed reasons for departure at the first sentencing hearing, it nevertheless expressly stated that it did not regard the sentences as departures.[1] This court affirmed the initial sentences as within the guidelines sentences. Accordingly, we have no need to decide in this appeal whether a true split sentence that is also a proper departure sentence permits the trial court to impose the remainder of the split sentence on a first violation of probation.
Instead, we must reverse the life sentences imposed in case number 87-2873 and remand for resentencing in accordance with Franklin. See Bankston v. State, 651 So.2d 719 (Fla. 2d DCA), review granted, No. 85,264, — So.2d-(Fla. June 8, 1995); Grady v. State, 618 So.2d 341 (Fla. 2d DCA 1993).
Reversed and remanded.
BLUE and FULMER, JJ., concur.

. Apparently, the trial court filed the departure reasons as a precaution because it was uncertain whether such a true split sentence was a guidelines or a departure sentence.