682 So.2d 582 (1996)
Christopher Scott LAWRENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1451.
District Court of Appeal of Florida, Fifth District.
October 18, 1996.
Rehearing Denied November 12, 1996.
Christopher Scott Lawrence, Avon Park, pro se.
James B. Gibson, Public Defender, and Dee R. Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and E. Paul Stanley, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, Judge.
After consideration of this Anders[1] appeal and after receiving briefs from both parties, we conclude the defendant was improperly sentenced.
Defendant pled guilty to second-degree murder, a life felony, for an offense committed in 1987. His guidelines scoresheet showed a permitted range of twelve to seventeen years in the department of corrections. Pursuant to a plea, he agreed to a sentence of thirty-eight years in the department of corrections, suspended after he had served thirteen years, with the remaining twenty-five years to be served on probation. This is a true split sentence. See Poore v. State, 531 So.2d 161 (Fla.1988).
After serving the incarcerative portion of his sentence, defendant was released on probation. He violated his probation by driving under the influence. The court then sentenced defendant by way of a corrected sentence[2] to thirty-eight years in the department of corrections, with credit for time served.
Franklin v. State, 545 So.2d 851 (Fla. 1989), and Poore stand for the proposition that a defendant sentenced to a true split sentence can be sentenced, upon violation of probation, at most, to the remaining balance *583 of the withheld or suspended portion of his original sentence. 545 So.2d at 852, 531 So.2d at 164. Both Poore and Franklin stipulate, however, that the cumulative incarceration imposed after violation of probation is subject to the guidelines' one-cell bump-up, so that "the total period of incarceration, including time already served, may not exceed the one-cell upward increase permitted by Florida Rule of Criminal Procedure 3.701(d)14." Franklin, 545 So.2d at 852. The Poore court explained:
We stress, however, that the cumulative incarceration imposed after violation of probation always will be subject to any limitations imposed by the sentencing guidelines recommendation. We reject any suggestion that the guidelines do not limit the cumulative prison term of any split sentence upon a violation of probation. To the contrary, the guidelines manifestly are intended to apply to any incarceration imposed after their effective date, whether characterized as a resentencing or revocation of probation. See § 921.001(4)(a), Fla.Stat. (1987). They thus must be applied to the petitioner in this instance, albeit within the context of the previously imposed true split sentence. To hold otherwise would permit trial judges to disregard the guidelines merely by imposing a true split sentence, as provided in alternative (2). For example, in a case where the statutory maximum was 25 years and the guidelines range was 5 to 7 years, a trial court could impose a split sentence of 25 years, with the first 7 years to be served in prison and the remaining 18 suspended, with the defendant on probation. Upon violation of probation, the trial court then simply could order the incarceration of the defendant for the balance of the 18-year probationary period, notwithstanding any lesser recommended guidelines range. Such an analysis not only would defeat the purpose of the sentencing guidelines, but would destroy them altogether. Obviously, this result never was intended when the guidelines permitted the probationary portion to exceed the recommended range.

531 So.2d at 165 (emphasis supplied).
Thus, it is clear that had the defendant gone to trial and received the thirty-eight year split sentence, upon violation of probation, he would be entitled to a guidelines sentence plus the one-cell bump. The issue presented in this case is whether defendant's plea agreement changes this result, i.e. whether the plea can be used to avoid Poore's guidelines limitations and permit a cumulative sentence upon resentencing which is, in effect, a "departure" sentence substantially above the guidelines without compliance with the rules relating to departures.
This anomaly can occur in the case of a plea to a true split sentence because at the original sentencing proceeding the probationary portion of a defendant's sentence is not included in determining whether a sentence exceeds the guidelines. See Comments to Fla. R.Crim. P. 3.701(d)(12); Morris v. State, 532 So.2d 1116 (Fla. 5th DCA 1988); see generally Tyner v. State, 545 So.2d 961 (Fla. 2d DCA 1989). Upon being sentenced for a violation of probation, however, all of the defendant's probationary sentence can be converted into jail time, with the potential for subjecting him, retrospectively, to a departure sentence.
We do not believe that the guidelines were intended to permit such a result, even in the context of a plea, unless the defendant in his original plea specifically recognizes and agrees that, upon violation of his probation, he can receive an above-guidelines sentence equal to the probation portion of the split sentence. See, e.g., Wilcox v. State, 625 So.2d 920 (Fla. 1st DCA 1993). If this agreement is made, there should be no difficulty in converting what is in the first instance a guidelines sentence into a departure sentence upon a violation of probation. Poore's limitations could also be avoided if the court treats the sentence as a departure sentence from the outset, and enters written reasons for the departure. See Adams v. State, 658 So.2d 1113 (Fla. 2d DCA 1995).
In this case, the record reflects that defendant pled to a guidelines sentence. During the plea hearing, the following colloquy occurred:
[ASSISTANT STATE ATTORNEY]: Actually, this is a split sentence to where the *584 second degree murder, we envision it would fall into 12 to 17 guidelines for prison. You can impose a split sentence up to the statutory maximum which would be 40 years. This is well within the discretion of the Court and within the statutory provision.
THE COURT: The Court then will adjudicate the Defendant guilty of this offense, will sentence him to 38 years with the Department of Corrections, the balance will be suspended and the Defendant shall be placed on probation being released from confinement during that 25 year period.
This colloquy demonstrates that the court thought it was imposing, and the defendant thought he was receiving, a guidelines sentence. No reason for departure was given. A year later, defendant filed a motion for post-conviction relief arguing that under Poore this sentence amounted to a departure sentence, which was issued without written reasons. The motion was denied by the trial court on the basis that the sentence fell within the guidelines, and the trial court's decision was affirmed per curiam by this court. Treatment of the sentence must be consistent. This means that the limitations recognized in Poore must be observed. Adams. The fact that defendant agreed to the sentence imposed by the court in the first instance should not change this result, unless the original sentencing court complies with the rules relating to departures or the defendant specifically agrees in advance to the imposition of a departure sentence upon violation of probation.[3]
SENTENCE VACATED and REMANDED.
PETERSON, C.J., concurs.
THOMPSON, J., dissents, without opinion.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] After this appeal was originally filed, this court relinquished jurisdiction to the trial court to issue a corrected sentence. The case is now before this court on appeal from the corrected sentence.
[3] The second issue raised in the Anders brief was that the trial court thought it was required to sentence Lawrence to prison for the balance of the suspended portion of his original sentence once he violated his probation. The record suggests this was the case, so a remand for resentencing on this basis would be called for as well. See Bryant v. State, 591 So.2d 1102, 1103 (Fla. 5th DCA 1992).