739 So.2d 1183 (1999)
Harry K. SINGLETARY, Jr., Appellant,
v.
Edward J. WHITTAKER, Appellee.
No. 97-128.
District Court of Appeal of Florida, Fifth District.
July 23, 1999.
Susan A. Maher, Deputy General Counsel, Tallahassee, for Appellant.
Edward J. Whittaker, St. Petersburg, Pro se.

ON MOTION FOR REHEARING EN BANC
HARRIS, J.
We grant rehearing en banc, withdraw our previous opinion, and substitute the following:
Whittaker was originally sentenced for aggravated child abuse to a "true split sentence" of fifteen yearsseven years incarceration to be followed by eight years probation.[1] His criminal act was committed in 1990, which means that, pursuant to section 944.28(1), Florida Statutes (1989), any gain time earned by Whittaker during the serving of his sentence would be subject to forfeiture if, among other conditions, he later violated probation.
After spending approximately two-and-one-half years in prison (and after being awarded 1,368 days of conditional gain time), Whittaker was credited with serving the seven years of incarceration and released on probation. Sometime later, he violated probation, pled guilty to such violation, and was "resentenced" to an additional term of 638 days incarceration (five years less credit for all previous periods of actual incarceration either in prison or *1184 jail). Both the original true split sentence and the probation revocation "sentence" occurred outside our district.
The sentencing court at probation revocation refused to credit Whittaker's previously awarded conditional gain time against his new commitment to prison.[2] It was not required to do so. In the context of a true split sentence, the court should award neither actual prison time nor gain time against an extension of incarceration imposed because of a violation of the probationary portion of the sentence. Although the supreme court held in State v. Green, 547 So.2d 925, 926 (Fla.1989), a case involving a probationary split sentence and not a true split sentence, that earned gain time was the functional equivalent of time spent in prison and could not be forfeited upon violation of probation, it was because "[t]here is no statutory authority... for forfeiture of gain-time upon revocation of probation." Even though Green is inapplicable when the issue is merely extending the incarceration portion of a true split sentence, we note that the legislature changed the law immediately after Green in order to permit such forfeiture.
Upon Whittaker's return to prison (now within our district), the Department forfeited the 1,368 days previously awarded during the original seven-year sentence. The trial court herein granted Whittaker's petition for mandamus and required the Department to restore his gain time. The mandamus court reasoned that since Whittaker had not been credited with the previously awarded gain time in the newly imposed five-year term of incarceration, there was nothing for the Department to forfeit. But this misses the point. Even though the court did not award the gain time a second time, as the court would have done had it credited the gain time also against the new extended term of incarceration, the fact remains that Whittaker received conditional gain time during his initial sentence which permitted his early release and then violated the conditions for retaining the award. It is the 1,368 days Whittaker received during his first commitment that the DOC is forfeiting. Although Whittaker will have to spend additional time in prison to fulfill the sentence imposed by the first court before starting his "new" sentence, DOC's action does not affect the extended term of incarceration imposed because of the violation. And DOC's action is authorized by section 944.28(1). The supreme court in Forbes v. Singletary, 684 So.2d 173, 174 (Fla.1996), held:
Thus, for defendants who committed their offenses between October 1, 1989, and December 31, 1993 [as ours did], DOC, like the sentencing judge, has the discretion to forfeit credit for prior gain time upon revocation of probation.
Hence, it appears that while both or either the court or DOC may forfeit prior gain time, neither may countermand the forfeiture ordered by the other. The simple fact is that Whittaker failed to meet the terms of his conditional gain time and must now suffer the consequence by serving such time in prison. It is only logical, and not a violation of some right, that such additional incarceration caused by the forfeiture will add to the prison time contemplated by the newly entered term of incarceration. It fulfills the legislative policy of using conditional gain time, not only to encourage good behavior in prison, but also to provide an incentive to follow the rules of probation and to reduce recidivism.
REVERSED.
ANTOON, C.J., W. SHARP, and PETERSON, JJ., concur.
COBB, J., concurs and concurs specially, with opinion.
DAUKSCH, J., concurs specially, with opinion.
*1185 GRIFFIN, J., dissents with opinion with which GOSHORN, and THOMPSON, JJ., concur.
COBB, J., concurring and concurring specially.
The defendant, pursuant to a negotiated plea, originally pleaded guilty to aggravated child abuse, a second degree felony. The guidelines scoresheet reflects that the defendant agreed to a departure sentence of 15 years incarceration, with the last 8 years suspended, to be served on probation.[1] Following his release from prison, which was achieved with the award by the Department of Corrections of 1,368 days of conditional gain time, the defendant violated his probation. Following a hearing, the trial court (a different judge presiding) revoked probation and sentenced the defendant to 5 years imprisonment (with an inexplicable, duplicative credit for 3.25 years previously served) despite the fact that, having entered a valid departure sentence at the outset, the trial court could have imposed incarceration for the remaining eight years of the suspended portion of the sentence in accordance with the original sentencing agreementand without any forfeiture of gain time. See Wilcox v. State, 625 So.2d 920 (Fla. 1st DCA 1993). See also Lawrence v. State, 682 So.2d 582, 583 (Fla. 5th DCA 1996).
The guidelines ramifications discussed by the dissent are thus irrelevant to this appeal. Indeed, neither party to the appeal has even mentioned the sentencing guidelines. The sole issue concerns the authority of the Department, upon the defendant's return to prison, to forfeit the gain time previously awarded. The majority opinion correctly holds that the Department has the authority, pursuant to section 944.28(1), Florida Statutes and Forbes v. Singletary, 684 So.2d 173 (Fla.1996) to forfeit said gain time following the revocation of probation. Accordingly, I concur with the majority result.
DAUKSCH, J., concurring specially.
I agree with the conclusions reached by Judge Harris and Judge Cobb. I write to add that perhaps the whole issue could be made clearer by considering what "conditional gain time" is and who controls its application.
Conditional gain time and conditional release are tools used by the Department of Corrections to control the behavior of its inmates by rewarding the good ones and punishing the bad ones. If conditions are met then gain time is awarded by a mathematical formula which reduces the actual time served in prison. After serving the time in prison, recalculated by the award of gain time, the prisoner is released on conditional release. The "condition" being that he or she continues to behave. If not, then the condition is breached, the gain time is forfeited and the original time must be served in prison. Upon reincarceration the game begins again. Good behavior, gain time. Bad behavior, no gain time.
The critical factor in all of this is that this is the department's control device. It is not applied by or controlled by the courts. Although a judge may consider the actual time a defendant has served when the decision is made on sentence after probation revocation, the judge cannot alter, award, revoke or otherwise affect, any gain time decision made by the department.
The term "conditional gain time" does not appear in the Florida Statutes or Administrative Code. Rather, the term refers to judicial interpretation of the interaction between several statutory mechanisms governing Florida's prison system. Section 944.275, Florida Statutes (1997), allows the Department of Corrections to "grant deductions from sentences in the form of gain-time in order to encourage satisfactory prisoner behavior," while several statutory sections provide for forfeiture *1186 of earned gain time upon an inmate's failure to satisfy conditions subsequent. See, e.g., Sections 944.28(1)(escape, or violation of clemency, conditional release, probation, community control, provisional release, parole, or control release allows the department "without notice or hearing, [to] declare a forfeiture of all gain-time earned"), 944.275(5)("When a prisoner is found guilty of an infraction of the laws of this state or the rules of the department, gain time may be forfeited according to law"), 947.146(12)(violation of control release results in forfeiture), and 948.06(6)(automatic forfeiture when terms of probation, community control, or control release are violated).
The Florida Supreme Court in Harris v. Wainwright, 376 So.2d 855 (Fla.1979), overruled on other grounds, 562 So.2d 687 (Fla.1990) recognized that the reward of gain time is conditioned on the inmate's behavior both prior and subsequent to the reward:
This statute, known as the "gain time statute" requires the Department of Corrections to grant deduction for gain time on a monthly basis, as earned, from the sentence of every prisoner who has committed no infraction of the rules of the department or of the laws of the state and who has performed in a satisfactory and acceptable manner the work, duties, and tasks assigned.
* * * * * * *
[G]ain time, whether it be what is normally considered "statutory" or "extra" only comes into play if a given inmate conducts himself in such a way as to deserve the gain time. Therefore, any notion of gain time can only be considered, at best, as conditionally vested.

* * * * * * *
Appellate courts throughout the country have repeatedly recognized that the allowing of gain time is an act of grace and that a prisoner has no right to receive gain time in the absence of a legislative provision therefor. In other words, gain time allowance is an act of grace rather than a vested right and may be withdrawn, modified, or denied.

* * * * * * *
[We] recognize[] that the right to gain time is not a vested one and that it is obviously dependent on the course of the conduct of the inmate. ... [T]his court [has] said that parole and gain time is granted by the sovereign as a matter of grace rather than of right and that the state may offer such grace under and subject to such conditions as it may consider most conducive to accomplish the desired purpose.

Id. at 855-57 (emphasis added); see also Kimmons v. Wainwright, 338 So.2d 239, 240 (Fla. 1st DCA 1976) ("[T]he legislature has given a bonus of gain-time to prisoners who receive consecutive sentences, but along with this bonus goes the responsibility of doing nothing that would cause a gain-time forfeiture.").
GRIFFIN, J., dissenting.
I respectfully dissent. The defendant in this case was sentenced to a true split sentence of fifteen years imprisonment, with the period of confinement to be suspended after seven years and the defendant to be placed on probation for a period of eight years. A true split sentence is a sentence "consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion." Poore v. State, 531 So.2d 161, 164 (Fla.1988).
Normally, a defendant who violates the probationary portion of a true split sentence is subject to confinement for the entire suspended portion of his sentence, but this rule is subject to the following caveat. Poore and Franklin v. State, 545 So.2d 851 (Fla.1989) stipulate that "the total period of incarceration, including time already served, may not exceed the one-cell *1187 upward increase permitted by Florida Rule of Criminal Procedure 3.701(d)14." Franklin, 545 So.2d at 852.[1] This means that as a practical matter a defendant who violates the probationary portion of a true split sentence can, upon "resentencing,"[2] generally be sentenced only to a guidelines plus one-cell bump sentence, with credit given for time served. Under this scenario, with respect to gain time, it is (or is not as the case may be) recognized as a credit against the guidelines plus one-cell bump incarcerative sentence which can be imposed upon violation of the probationary portion of a true split sentence. As the supreme court has recognized, for offenses committed between October 1, 1989, and December 31, 1993, the sentencing judge has the discretion whether to "credit" gain time he had previously earned while in prison. See s. 948.06(6), Fla. Stat. (1991); Forbes v. Singletary, 684 So.2d 173 (Fla. 1996). The DOC, like the trial court, also had the discretion to forfeit credit for prior gain time upon the revocation of probation. Forbes, supra; § 944.28(1), Fla. Stat. (1989). However, it is only where the trial court has given "credit" for the gain time that the DOC can effectively take away the credit by adding back gain time.
In Lawrence v. State, 682 So.2d 582 (Fla. 5th DCA 1996), we considered a related but slightly different issuewhether a plea could be used "to avoid Poore's guidelines limitations and permit a cumulative sentence upon resentencing which is, in effect, a `departure' sentence substantially above the guidelines without compliance with the rules relating to departures." Id. at 583. We ultimately concluded that merely pleading to a true split sentence was insufficient to avoid Poore's limitations, but that a plea could be used to avoid those same limitations if in his plea the defendant "specifically recognizes and agrees that, upon violation of his probation, he can receive an above-guidelines sentence equal to the probation portion of the split sentence." Id. Additionally, we concluded that "Poore's limitations could also be avoided if the court treats the sentence as a departure sentence from the outset, and enters written reasons for the departure." Id. Under the two latter scenarios, upon violation of probation, a defendant may be sentenced to both the suspended portion of his original split sentence, plus any gain time he previously earned if the trial court chooses to take away the gain time he has previously earned in serving the original incarcerative sentence. If the trial court does not add gain time to the suspended portion of the sentence, the DOC may have discretion to effectively take away the credit by adding back gain time.
My problem with the majority's holding lies in its assumption that the defendant in this case plead to a departure sentence of the type described in Lawrence. The record basis for that assumption is weak. The record contains no copy of the plea so we do not know the terms of the agreement. More important, defendant's 1991 scoresheet is the only document in the record which refers to a departure sentence. It shows a total of 195 points, states that a guidelines sentence would be "4½5½ years" and shows the sentence to be imposed as "A/G 15 years DOC suspend 8 years followed by 8 years probation." The bottom of the scoresheet then states, "Agreed upon by Defense the upward departure."
The record in this case shows that defendant pled guilty to the probation violation based on an express agreement that he would receive a sentence of five years on the "suspended portion" of his sentence. Given the imposition of what appears to be a guidelines plus one-cell bump sentence, I *1188 think that this case has to be treated in the manner contemplated by Poore. This means that the DOC was entitled to add back gain time only if the trial court has given a "credit" for gain time either by awarding a credit for gain time against the five-year sentence or by using it as a deduction in calculating the maximum guidelines sentence which defendant could be given.
There simply is no indication on this record that either was done. Instead, all indications are to the contrary. The sentencing order issued upon violation sentenced defendant to five years in the Department of Corrections. It reflected only a "jail credit" of 53 days. This sentencing order did not award defendant credit for any gain time, nor does it appear to have been used as a credit in calculating his maximum sentence. The time which defendant was sentenced to was effectively a maximum guidelines plus one-cell bump sentence, less the time which defendant had actually served (the maximum nine years one-cell bump sentence less the 3.25 years actually served). Had defendant's gain time been included in calculating defendant's maximum sentence, he would have received a seven-year credit (the time actually served including gain time) against the nine-year sentence.
Likewise, the trial court later denied a 1996 motion to correct defendant's five-year sentence to the extent that the motion sought a "credit" against the five-year sentence for the gain time which the defendant had previously earned. Although the trial court did award defendant a "jail credit of 279 days plus 53 days," as well as a "credit for time spent in prison before the violation of probation," which appears to have given the defendant an erroneous double credit for time actually served,[3] this credit cannot be interpreted to include a credit for gain time[4] and the sentence was not appealed.
I would affirm the appealed order because the trial court properly recognized that it is only in those circumstances in which the trial court credits the gain time that the DOC is entitled to impose its own forfeiture.[5] Here, as the lower court explained, because the trial court did not award credit for gain time, there was nothing for the DOC to forfeit.
GOSHORN and THOMPSON, JJ., concur.
NOTES
[1] As indicated in Judge Cobb's concurring opinion, this was a negotiated upward departure sentence.
[2] If it had done so, the court would have wound up owing Whittaker some 730 days.
[1] The written reasons for departure were as follows:

"Agreed upon by Defense the upward departure."
[1] This means the total time served during the original incarceration plus the time served during the suspended portion of the sentence.
[2] A defendant who is sentenced to the suspended portion of a true split sentence is not, technically, subject to "resentencing." He is merely sentenced to the suspended portion of the sentence. However, due to the guidelines "cap" on the suspended portion of the sentence, the defendant must, as a practical matter, be resentenced.
[3] The trial court granted that portion of defendant's motion which sought credit for the actual time served on the initial incarcerative sentence (he asserted this to be 279 days in the county jail and 940 days in the DOC) against the five-year sentence imposed upon violation of probation, even though the five-year sentence originally appears to have been imposed with no intention to grant an additional deduction for the time already served by the defendant (since this had been included in calculating the sentence). This appears to have been improper since it effectively gave the defendant a double credit for the time actually served in prisonthat is, the 3.25 years already served in prison had been used in calculating the five year sentence and, on top of this, defendant was given a 3.25 year credit against the five year sentence.
[4] The latter credit does not include a credit for gain time, as the majority appears to recognize. Although in State v. Green, 547 So.2d 925, 927 (Fla.1989), the supreme court held that "a credit for time served" required the defendant to be credited with both gain time and actual time served in prison, as the majority notes that holding was grounded on that lack of any statutory authority for a retroactive forfeiture of gain time. This problem was solved by the enactment of laws permitting the courts and the DOC to forfeit gain time upon revocation of probation. See Tripp v. State, 622 So.2d 941, 943 (Fla.1993). Therefore, a credit for time spent in prison must be interpreted to mean only time actually served in prison.
[5] The problem presented by this case has been eliminated by revisions to section 948.06(6). The current statutes provide that gain time "shall" be forfeited upon a revocation of probation. This provision eliminates the trial court's discretion to recognize gain time, meaning there will no gain time which the DOC can forfeit.