W. SHARP, Judge.
Perry appealed his sentence, which was affirmed by this court. However, the Florida Supreme Court reinstated his appeal 'for consideration of the sentencing *1283 issue in light of Maddox v. State, 760 So.2d 89 (Fla.2000). Perry v. State, 761 So.2d 317 (Fla.2000). We agree that the sentence appears to have exceeded the permissible guidelines range and was rendered without the trial court’s giving written reasons for departure. However, since it also appears the sentence may be sustained based on Perry’s plea, we remand for resentencing to allow the state an opportunity to present evidence to support the life sentence imposed.
Perry pled guilty to second degree murder, and was sentenced to “life in prison in the Department of Corrections with credit for 247 days time served, all except 27 years is suspended, if complete, life probation.” After serving nine years in prison, Perry was placed on probation. Thereafter his probation was revoked and the trial court sentenced him to life in prison with credit for time served.
On appeal, Perry argues his life sentence was a departure, and improper because no written reasons for departure were given. He contends he agreed to a two-cell, upward departure sentence (a range of 22 to 27 years in prison), when he entered his guilty plea, but that following revocation of probation, the court was limited to a one-cell bump-up from that level, a range of 27 to 40 years.
Perry’s original sentence was a “true split sentence,” which occurs when the trial judge sentences a defendant to incarceration but suspends a portion of the term and places the defendant on probation for that suspended portion. Franklin v. State, 546 So.2d 851 (Fla.1989); Poore v. State, 531 So.2d 161 (Fla.1988); Bryant v. State, 591 So.2d 1102 (Fla. 5th DCA 1992). When revocation of probation after incarceration pursuant to a true split sentence occurs, the sentencing court has two limitations: 1) the defendant can only be committed to a period of time not exceeding the remaining balance of the suspended part of the original sentence and 2) the total period of incarceration, including time already served, may not exceed the one-cell upward increase permitted by Florida Rule of Criminal Procedure 3.701(d)(14). That rule provides:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
Franklin; Poore; Johnson v. State, 557 So.2d 203 (Fla. 5th DCA 1990), approved, 585 So.2d 272 (Fla.1991).
In this case, the one-cell bump-up resulted in a recommended period of incarceration of 27 to 40 years. Thus the total period of incarceration could not exceed 40 years without being a departure sentence. This issue is renewable, even though not raised at sentencing. Maddox.
However, in Lawrence v. State, 682 So.2d 582 (Fla. 5th DCA 1996), this court indicated a plea agreement could support imposition of the remainder of the original true split sentence following revocation of probation, even if that would constitute a departure sentence, but the defendant would have to specifically recognize and agree that, on violation of his probation, he could receive an above-guidelines sentence equal to the probation portion of his split sentence. See also Franquiz v. State, 682 So.2d 536, 538, n. 3 (Fla.1996) (if there is a plea agreement as to sentencing upon revocation, then failure to give written reasons for departure will not affect the validity of the revocation sentence).
The only information concerning Perry’s plea is the written form which provides:
“Stipulated sentence of 27 years DOC followed by probation to be determined by the court.”
The transcript of the plea hearing is not in this record. Thus we are unable to determine whether Lawrence is applicable to this case. Accordingly, we remand for *1284 resentencing, at which the state may present evidence to support the life sentence. See, e.g., State v. MacMillan, 671 So.2d 893 (Fla. 5th DCA 1996). Failing that, Perry must be given a guidelines sentence within the “bumped-up” recommended range.
Sentence VACATED; REMANDED for resentencing.
COBB and GRIFFIN, JJ., concur.