STRINGER, Judge.
Brian Jenigen challenges his sentences imposed after the revocation of his community control. Jenigen alleges that the sentences amounted to upward departures from the sentencing guidelines without written reasons. Jenigen also alleges that the trial court erred in not giving him credit for time served while in a residential drug treatment program. We reverse and remand for resentencing.
In 1997, Jenigen pleaded guilty to possession of a controlled substance in case 97-1115 and was sentenced to two years’ probation. In 1998, an affidavit of violation of probation was filed alleging that Jenigen violated his probation in several aspects, including the allegation that he committed the crimes of driving under the influence (DUI) and felony driving while license suspended or revoked. Jenigen pleaded no contest to those offenses in case 98-777 and also pleaded no contest to violating his probation in case 97-1115. On the violation of probation, the trial court sentenced Jenigen to five years’ incarceration, suspended after twelve months, with the remaining years to be served on community control and proba *157 tion. In case 98-777, the trial court imposed the same sentence it had imposed in case 97-1115 with both sentences to run concurrently. As a condition of his community control, Jenigen was required to successfully complete a residential drug treatment program.
After serving the incarcerative portion of his sentence, Jenigen successfully completed a six-month residential drug treatment program. However, upon his release from the program, Jenigen violated his community control for both cases. Jeni-gen pleaded no contest to the violations. The plea form stated that Jenigen’s sentence would be imposed within the guidelines unless the trial court expressed clear and convincing reasons for a departure sentence. Jenigeris sentencing guidelines range in both cases was 27.3 to 45.5 months in state prison. In each case, the trial court sentenced Jenigen to five years’ incarceration with 509 days’ credit for time served. Both sentences were to run concurrently. The trial court entered no written reasons for imposing the departure sentences. The trial court also denied Jenigeris request for six months’ credit for the time he served in a residential drug treatment program.
Jenigeris original sentence was a true split sentence. After the revocation of the probationary portion of a true split sentence, the trial court may impose a sentence for the full period of the original sentence with credit for time served. Crews v. State, 779 So.2d 492, 493-94 (Fla. 2d DCA 2000). However, the cumulative incarceration imposed after violation of probation is still subject to the sentencing guidelines.[1] Lawrence v. State, 682 So.2d 582 (Fla. 5th DCA 1996) (holding that upon the violation of the probationary portion of a true split sentence, the trial court is still limited by the sentencing guidelines unless it complies with the rules relating to departure sentences). Because the sentences imposed in this case amounted to departure sentences without written reasons, we reverse them and remand this case for resentencing within the guidelines. See Pope v. State, 561 So.2d 554 (Fla.1990) (holding that where departure sentence is reversed for failure to provide written reasons, the appellate court must remand for resentencing within the guidelines).
In his second issue, Jenigen asserts that the trial court erred in failing to give him credit for time spent in a residential drug treatment program as a condition of his community control. Jenigen, however, failed to demonstrate that his placement in the residential drug treatment program was more restrictive than the confinement normally imposed on a person on community control. See Williams v. State, 780 So.2d 244 (Fla. 2d DCA 2001) (holding that defendant’s time at residential drug facility was not more restrictive than the confinement of a person placed on community control, and therefore, he was not entitled to credit for time served at the facility). Accordingly, Jenigen was not entitled to credit for time served while at the residential drug treatment program.
Reversed and remanded for resentenc-ing within the guidelines.
NORTHCUTT, A.C.J., and SALCINES, J., Concur.

. We note that Jenigeris offenses were committed prior to October 1, 1998, the effective date of the Florida Criminal Punishment Code. See § 921.002, Fla. Stat. (1997). For crimes committed after October 1, 1998, the trial court may impose a sentence up to the statutory maximum for any offense, including an offense that is before the court due to a violation of probation. See § 921.002(l)(g), Fla. Stat. (1997).