832 So.2d 258 (2002)
Brian Lester WARDLAW, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-169.
District Court of Appeal of Florida, Second District.
December 11, 2002.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Following the imposition of a thirty-year prison sentence for a violation of probation for attempted capital sexual battery, Brian Lester Wardlaw contends that, because he did not agree to a departure sentence at his original sentencing, the court improperly imposed an improper upward departure. Based upon Poore v. State, 531 So.2d 161 (Fla.1988); Lawrence v. State, 682 So.2d 582 (Fla. 5th DCA 1996); and Jenigen v. State, 801 So.2d 156 (Fla. 2d DCA 2001), we agree and reverse.
After entering into a plea agreement Mr. Wardlaw was originally sentenced to *259 thirty years' imprisonment to be suspended after service of seven years. The balance of twenty-three years was to be served on probation. In 2000, Mr. Wardlaw admitted violating probation and was sentenced to thirty years' imprisonment with credit for the time he had previously served. He later filed a motion to correct the sentence and argued that, because his original sentence was a true split sentence, the trial court could not sentence him in excess of the applicable guidelines. The trial court denied the motion on the basis that the sentence was legal because it flowed from a negotiated plea. We apply the de novo standard of review to this issue of law. Demps v. State, 761 So.2d 302 (Fla.2000).
A true split sentence occurs when a trial judge sentences a defendant to incarceration but suspends a portion of that term of imprisonment and places the defendant on probation for a term equal to the suspended portion. Franklin v. State, 545 So.2d 851 (Fla.1989). Upon revocation of probation, the court's sentencing options are limited as set out in Poore v. State, 531 So.2d 161, 164 (Fla.1988): "[T]he sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence." By imposing a true split sentence, the trial court effectively circumscribes the future sentence and will not be permitted to change its mind. Importantly, the Poore court stressed that the cumulative incarceration imposed subsequent to the violation of probation
always will be subject to any limitations imposed by the sentencing guidelines recommendation. We reject any suggestion that the guidelines do not limit the cumulative prison term of any split sentence upon a violation of probation. To the contrary, the guidelines manifestly are intended to apply to any incarceration imposed after their effective date, whether characterized as a resentencing or revocation of probation.
Id. at 165 (emphasis in original).
The issue of whether a plea agreement would change the Poore result was addressed in Lawrence v. State, 682 So.2d 582, 583 (Fla. 5th DCA 1996), which held that the result would not change "unless the defendant in his original plea specifically recognizes and agrees that, upon violation of his probation, he can receive an above-guidelines sentence equal to the probation portion of the split sentence." Thus, upon revocation of probation, the defendant can be sentenced to, at most, the balance of the suspended portion of the original sentence. The limiting factor is the amount permitted by the sentencing guidelines, including the bump-up provisions. See Fla. R.Crim. P. 3.701(d)(14); Jenigen v. State, 801 So.2d 156, 157 (Fla. 2d DCA 2001). Any term beyond the guidelines would constitute an upward departure requiring compliance with the departure rules. See Perry v. State, 767 So.2d 1282 (Fla. 5th DCA 2000).
Because Mr. Wardlaw's sentence was neither within the guidelines range nor supported by departure reasons, we must reverse and remand for resentencing within the guidelines. See Jenigen, 801 So.2d at 157.
Reversed and remanded for resentencing.
ALTENBERND and DAVIS, JJ., Concur.