585 So.2d 483 (1991)
David AYALA, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02096.
District Court of Appeal of Florida, Second District.
September 11, 1991.
*484 James Marion Moorman, Public Defender, Bartow, and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
In this appeal David Ayala challenges his sentence for burglary of a dwelling. He argues that the trial court erred when it resentenced him, adding three years' probation to his previous sentence of six months' incarceration. We agree and reverse.
At arraignment, the appellant pleaded guilty to burglary of a dwelling and petit theft. The trial court sentenced him to six months in the county jail for burglary and sixty days' concurrent incarceration for theft. Five days later, the state moved to have the appellant resentenced, alleging that at the time of sentencing, unknown to the state, the appellant had committed two violent acts against the victim, and the victim had been threatened if the charges were not dropped. Two weeks after the original sentencing, the state's motion was heard. The appellant declined the trial court's offer to withdraw his plea, but objected to any modification of the sentence. The trial court resentenced the appellant to three years' probation for burglary, with the conditions that he serve six months in the county jail and have no contact with the victim.
The appellant argues that the trial court erred in increasing his sentence. We agree. As a general rule, once a defendant has begun to serve his sentence, a trial court may not resentence him to an increased term. See Goene v. State, 577 So.2d 1306 (Fla. 1991); Williams v. State, 553 So.2d 729 (Fla. 2d DCA 1989); Westover v. State, 521 So.2d 344 (Fla. 2d DCA 1988).
In Goene, the Florida Supreme Court, citing United States v. Jones, 722 F.2d 632 (11th Cir.1983), recognized that the prohibition against double jeopardy respects a defendant's legitimate expectation that a sentence, once imposed and commenced, will not later be enhanced. 577 So.2d at 1308. The court went on to note that there are exceptions to the general rule under certain circumstances. For example, a defendant does not have a legitimate expectation in the finality of his sentence where his own affirmative act created the error in the original sentence, or where the defendant committed a fraud upon the court. Id. at 1308-09. Nonetheless, none of these exceptions are present in the instant case. The appellant was therefore entitled to expect that his sentence, once imposed and commenced, would not later be increased. Id. at 1308.
Accordingly, we reverse the appellant's amended sentence as to the burglary charge, and remand for reinstatement of the original sentence.
Reversed and remanded.
SCHOONOVER, C.J., and CAMPBELL, J., concur.