DAUKSCH, Judge.
In 1991, Donnie Glenn, appellant, was charged by information with four counts of unlawful sale or delivery of a controlled substance. Appellant pled guilty to the offenses and was sentenced to seven years in the Department of Corrections for count I followed by three concurrent ten-year terms of probation for the remaining three counts.
Approximately three months after appellant was released from prison, he was charged with unlawful possession of a controlled substance and violation of probation. Appellant’s sentencing guidelines scoresheet totalled 211 points. With a one cell bump-up for the violation of probation, appellant’s recommended sentence was 12 to 17 years, and his permitted sentence was 9 to 22 years in the Department of Corrections. The trial court adjudicated appellant guilty of violating probation and sentenced him to 15 years in the Department of Corrections for one count of the underlying sale and delivery offenses followed by two concurrent 5-year sentences for the remaining underlying offenses. The court also imposed a 5-year sentence for the current possession offense to be served consecutive to the two 5-year sentences. The sentence was a departure sentence, which the court entered based upon appellant’s proximity to release from prison and upon his continuing persistent criminal activity.
Appellant appealed the departure sentence maintaining that the trial court’s reasons for departure were improper. This court agreed and remanded the case for resentencing within the guidelines. 623 So.2d 596.
A resentencing hearing was held on October 14, 1993. The parties agreed that appellant’s sentencing guidelines scoresheet to-talled 192 points. With a one cell bump-up for violation of probation, appellant’s permitted sentence was 7 to 17 years in the Department of Corrections. Appellant was sen *1038 tenced to three concurrent terms of 15 years in the Department of Corrections for the three underlying sale and delivery offenses. Appellant was given 111 days credit for time served on each sentence.
Appellant contends that the trial court erred when it resentenced him by not giving him seven years credit for time served. However, appellant was actually in the Department of Corrections for 111 days, not seven years.
In Tripp v. State, 622 So.2d 941, 942 (Fla.1993) the Supreme of Florida held:
[I]f a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense.
According to Tripp appellant should have been given credit for the time he served for count I, which was served prior to probation. Appellant was given credit for the 111 days that he served for count I. The court is not required to give appellant credit for the entire sentence of seven years, most of which was never served. Bradley v. State, 631 So.2d 1096, 1097 (Fla.1994); Tripp, 622 So.2d at 942 n. 2. The Supreme Court of Florida in Tripp recognized that prior to the enactment of chapter 89-531, Laws of Florida, credit for time served included jail time actually served and gain time granted pursuant to section 944.275, Florida Statutes (1991). However, by virtue of chapter 89-531, the revocation of probation or community control now serves to forfeit any gain time previously earned. Id. at 942 n. 2. Because appellant’s crimes were committed after October 1, 1989, the effective date of the act, the trial court properly denied appellant credit for gain time. Bradley, 631 So.2d at 1097; Tripp, 622 So.2d at 942 n. 2.
The trial court is clearly authorized to forfeit gain time. Bradley, 631 So.2d at 1097; § 948.06(6), Florida Statutes. Appellant maintains that the loss of gain time is not automatic, therefore, this case should be remanded for the trial court to announce on the record that in its sound discretion it is either allowing or disallowing credit for previously earned gain time. Section 948.06(6) provides that when probation or community control is violated, the offender may be deemed to have forfeited all gain time. The trial court did not state that it was forfeiting appellant’s gain time because it was required to do so, and there is no evidence that the trial court was under the mistaken belief that forfeiture of gain time was required. The trial court had the authority to forfeit appellant’s gain time, and the record clearly reflects the trial court’s decision to forfeit this gain time. There is no evidence that the trial court abused its discretion by forfeiting appellant’s gain time and only awarding appellant credit for the 111 days that he served in the Department of Corrections.
AFFIRMED.
GOSHORN and GRIFFIN, JJ., concur.