641 So.2d 970 (1994)
Henry F. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01892.
District Court of Appeal of Florida, Second District.
September 9, 1994.
*971 ALTENBERND, Judge.
Henry F. Johnson appeals the denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse.
Mr. Johnson was charged in 1988 with multiple counts of armed robbery with a deadly weapon. He apparently pleaded guilty or nolo contendere to six robberies as part of a negotiated plea under which many of the counts were dismissed. On December 12, 1988, the trial court imposed six concurrent sentences. This court does not have a transcript of the sentencing hearing, and the written sentences are confusing. For each of the six counts, the written sentences impose concurrent, six-year terms of incarceration, suspended after three years. This aspect of the sentencing scheme clearly constitutes true split sentencing. See Poore v. State, 531 So.2d 161 (Fla. 1988). Instead of placing Mr. Johnson on probation for the suspended three-year term of incarceration, however, the trial court placed him on community control for one year, followed by five years' probation.
Mr. Johnson served his incarceration and community control, and was thereafter charged with a violation of probation in 1993. On October 22, 1993, the trial court revoked Mr. Johnson's probation and imposed six concurrent sentences of six years' imprisonment. The sentences reflect jail credit of 350 days, but no prison credit.
On January 24, 1994, Mr. Johnson filed a motion to correct sentence, contending the sentences imposed on revocation of his probation violated Poore. He also sought proper credit for gain time and prison and jail credit for time actually served. The trial court denied the motion without attachments, reasoning that the sentences were lawful guidelines sentences.
If the original sentences imposed in 1988 were true split sentences, then the trial court could impose only a three-year term of probation upon suspending the six-year prison term after three years. See Poore, 531 So.2d at 164-65. Upon violation of probation, Mr. Johnson could not receive more than the three suspended years of his original terms of incarceration. Wallace v. State, 618 So.2d 797 (Fla. 2d DCA 1993). Thus, if the original sentences were true split sentences, there is a possibility that the alleged violation of probation did not occur within a legal period of probation and could not be the basis for a revocation.[1] Even if the violation occurred during a legal period of probation, the maximum sentence that could be imposed upon revocation of probation would be three years' incarceration.[2]
*972 There is a possibility that the written sentences do not accurately reflect the sentences orally imposed in 1988. Because any correction or clarification of these written sentences would apparently result in an increase in the sentence, we are inclined to believe that any sentence upon violation of probation should not exceed three years' incarceration.[3]See Ayala v. State, 585 So.2d 483 (Fla. 2d DCA 1991); Stavely v. State, 473 So.2d 748 (Fla. 1st DCA 1985), review denied, 484 So.2d 10 (Fla. 1986); Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984). Nevertheless, in light of the unusual posture of this case, we do not foreclose the trial court on remand from reviewing the transcript of the sentencing hearing in 1988 or from taking any other appropriate steps prior to imposing lawful sentences.
We reverse the order on appeal, vacate the sentences imposed on October 22, 1993, and remand for further proceedings consistent with this opinion.
Reversed and remanded with directions.
RYDER, A.C.J., and PARKER, J., concur.
NOTES
[1] Mr. Johnson did not expressly raise this factual issue as a basis for relief in his motion to correct sentence.
[2] For cases prior to the effective date of section 948.06(6), Florida Statutes (1989), there appear to be two correct methods of imposing the remaining sentence after a violation of probation on a true split sentence. First, the remaining sentence can be imposed with no credit for time previously served, indicating that the sentence is the remainder of a true split sentence. See Owens v. State, 557 So.2d 199 (Fla. 2d DCA 1990). In the alternative, the entire initial sentence can be reimposed with full credit for the length of the initial sentence. Frazier v. State, 559 So.2d 1121 (Fla.), cert. denied, 498 U.S. 834, 111 S.Ct. 102, 112 L.Ed.2d 73 (1990). In this case, this alternative would result in a six-year sentence with prison credit for three years. Because this case involves an offense occurring prior to the enactment of section 948.06(6), we do not need to determine the effect of that statute on a true split sentence.
[3] We express no opinion concerning the effect of the term of community control on the sentence that may now be imposed. See Fraser v. State, 602 So.2d 1299 (Fla. 1992); Smith v. State, 615 So.2d 712 (Fla. 2d DCA 1993).