702 So.2d 239 (1997)
Alton L. ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-03736.
District Court of Appeal of Florida, Second District.
November 12, 1997.
PER CURIAM.
Alton L. Roberts appeals the denial of his postconviction motion, which sought additional prison credit. In 1991, the trial court sentenced Mr. Roberts as a habitual offender. He received a true split sentence for robbery with a weapon. The circuit court case number for this offense is 86-4719, and it is unclear from our records whether the 1991 sentence was the first sentence for this offense or a sentence on violation of probation. The trial court sentenced him to 15 years' imprisonment, suspended after 5 years, with the remaining 10 years to be served on probation. After serving 27 months in prison and receiving 33 months of additional gain time, Mr. Roberts was released from prison. Subsequently, Mr. Roberts violated probation, and the trial court sentenced him in 1994 to 10 years' incarceration. The trial court gave him 21 days of jail credit and, by checking the standard provision in the sentencing form, authorized the Department of Corrections to give him prison credit.
In his motion, Mr. Roberts claims that the Department has given him 27 months' credit for the time served on the 1991 sentence. He requests a full 5 years' credit against the 10-year sentence. The trial court properly denied this motion, ex plaining that it had imposed the remaining 10 years of a true split sentence. See Johnson v. State, 641 So.2d 970 (Fla. 2d DCA 1994) (describing two methods employed for imposing the remainder of a true split sentence). Although the trial court checked the provision for jail credit, Mr. Roberts never served any time or received any credit on this remaining 10-year period of incarceration resulting from resentencing on a true split sentence. Thus, if the Department has actually given him credit, it would appear that he has received too much prison credit, not too little.
Affirmed.
FRANK, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.