PER CURIAM.
Herman A. Hobbs appeals an order denying his motion “for clarification,” which the trial court properly treated as a motion to correct an illegal sentence. We affirm on all issues except for a question of prison credit.
In March 1989, Mr. Hobbs pleaded guilty to two offenses, which apparently were committed prior to October 1988. One offense was a first-degree felony, and the other was a second-degree felony. The trial court imposed two concurrent true split sentences, twenty and fifteen years’ imprisonment, which were both suspended after five years. After serving an unspecified period of incarceration, Mr. Hobbs was released on probation. When he violated probation in 1993, the trial court again sentenced him to twenty and fifteen years’ incarceration with no period of suspension.
This is a proper method to impose the remainder of the true split sentence, so *561 long as the defendant receives credit for his prior time in prison. See Frazier v. State, 559 So.2d 1121 (Fla.1990). In this case, the trial court failed to check the prison credit box on the standard sentencing form. This error could cause one or both sentences to exceed the lawful maximum. For example, Mr. Hobbs’ allegations indicate that the Department of Corrections has not provided him with all of the prison credit to which he is entitled.
The State agrees that this case should be remanded. Our record is quite limited, and we are not convinced that we can correct the sentencing error as a scrivener’s error. Accordingly, we reverse the trial court’s order concerning the issue of prison credit and order that the trial court re-examine this issue on remand.
Affirmed in part, reversed in part, and remanded.
FRANK, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.