742 So.2d 356 (1999)
Eddie CUNNINGHAM, Petitioner,
v.
STATE of Florida, et al., Respondents.
No. 98-3301.
District Court of Appeal of Florida, Fifth District.
August 13, 1999.
*357 Eddie Cunningham, Clermont, pro se.
Susan A. Maher, Deputy General Counsel, Department of Corrections, Tallahassee, for Respondent Department of Corrections.
No Appearance for Respondent State of Florida.
W. SHARP, J.
In this case, we elect to treat Cunningham's appeal from the circuit court's denial of his mandamus proceeding to review administrative action as a petition for certiorari. See Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla.1998). The issue before us is the propriety of the Department of Correction's election to impose a forfeiture penalty of 547 days in order to effect a complete forfeiture of gain time pursuant to section 944.28(1), Florida Statutes (1997).
After revocation of the probationary portion of a split sentence, the trial court on September 25, 1997, sentenced Cunningham to ten and one-half years incarceration. The Court provided credit of 800 days for time spent in the county jail after Cunningham's arrest for violation of probation. It also ordered the Department to apply the original jail credit awarded and to compute and apply credit for the time previously served in prison.
The Department subsequently added 547 days as a forfeiture penalty to forfeit all gain time Cunningham had previously accumulated during the incarcerative portion of his split sentence. The original split sentence was twelve years incarceration followed by five years probation. Since the ten and one-half year sentence imposed after revocation of probation was less than the original twelve-year incarcerative term, DOC added the forfeiture penalty of 547 days so that all gain time could be forfeited pursuant to section 944.28(1), Florida Statutes (1997).
We have recently held that the Department has the authority to apply this forfeiture penalty in these circumstances to require a defendant to serve the portion of his original prison term which was not actually served. See Singletary v. Whittaker, 739 So.2d 1183 (Fla. 5th DCA 1999).
Petition for Writ of Certiorari DENIED.
GOSHORN and THOMPSON, JJ., concur.