COPE, J.
Cedric Moore appeals the sentence imposed after revocation of probation on a true split sentence. We affirm.
Defendant-appellant Moore was charged with committing multiple drug-related offenses in September and October of 1995. Pursuant to a plea agreement, he was sentenced as a habitual offender to a true split sentence, see Poore v. State, 531 So.2d 161, 164 (Fla.1988), of ten years, consisting of an initial period of 26.8 months imprisonment followed by 93.2 months on probation. After serving the inearcerative portion of the sentence, he was released to probation. Defendant subsequently violated probation, which he admitted.
At the sentencing hearing on the violation, a question arose about the form of the sentence that should be imposed. The court’s inclination was to impose sentence for the full ten years, with credit for time previously served. The defense argued that the defendant should be sentenced to serve the remaining 93.2 months of the split sentence. The court agreed to do so, but specified that the defendant would not be entitled to credit for time previously served, except the jail time served since the date of arrest on the violation of probation.
Six days after sentencing, the defense filed a timely motion to correct sentence under Florida Rule of Criminal Procedure 3.800(b), arguing that the defendant was entitled, as a matter of law, to be given credit for time previously served against the 93.2 month sentence. The trial court took the view that the defendant was requesting an impermissible double credit. The court restructured the sentence, by sentencing defendant to ten years incarceration, with credit for time previously served, but without credit for gain time earned during the defendant’s previous incarceration in the Department of Corrections.
Defendant has appealed, contending that the trial court has illegally increased his sentence in violation of the double jeopardy clauses of the Florida and Federal Constitutions. Defendant reasons that when the trial court sentenced him to 93.2 months, the effect of the sentence was to give him credit for all time he had served during his original incarceration in the Department of Corrections — including gain time. Defendant says that when he was resentenced to ten years with credit for time served, but no credit for gain time in his original incarceration, the effect was to increase his sentence.
We reject the defendant’s argument because it rests on a faulty premise. The two sentences are functionally the same.
During defendant’s original incarceration in the Department of Corrections, his 26.8 month sentence was shortened by 175 days of gain time.[1] Section 921.0017, Florida Statutes (1995), provides:
921.0017 Credit upon recommitment of offender serving split sentence. — Effective for offenses committed on or after January 1, 1994, if an offender’s probation or community control is revoked and the offender is serving a split sentence pursuant to s. 948.01, upon recommitment to the Department of Corrections, the court shall order credit for time served only, without considering any type of gain-time earned before release to supervision, or any type of sentence reduction granted to avoid prison overcrowding, including, *808 but not limited to, any sentence reduction resulting from administrative gain-time, provisional credits, or control release. The court shall determine the amount of jail-time credit to be awarded for time served between the date of arrest as a violator and the date of recommitment, and shall direct the Department of Corrections to compute and apply credit for all other time served previously on the prior sentence for the offense for which the offender is being recommitted. This section does not affect or limit the department’s authority to forfeit gain-time under ss. 944.28(1) and 948.06(6).
The statute “eliminated all credit for any type of gain time earned prior to the revocation of probation with respect to offenses committed on or after January 1, 1994.” Forbes v. Singletary, 684 So.2d 173, 175 (Fla.1996) (emphasis in original). Thus, under this statute, the defendant must forfeit the 175 days of gain time earned during the original incarceration.
On revocation of probation, the trial court originally sentenced the defendant to the unexpired balance of the ten-year term, namely, 93.2 months. The Fifth District has explained that in this circumstance, upon being received in the Department of Corrections, the defendant must first serve the forfeited 175 days, before beginning to serve the additional term of 93.2 months. See Singletary v. Whittaker, 739 So.2d 1183, 1184 (Fla. 5th DCA 1999) (en banc); see also Eldridge v. Moore, No. SC93567, - So.2d -, 2000 WL 373762 (Fla. Apr.13, 2000) (expressing agreement with Singletary v. Whittaker); Cunningham v. State, 742 So.2d 356, 357 (Fla. 5th DCA 1999). In Whittaker, the defendant had to serve 1368 days of forfeited gain time, see 739 So.2d at 1184, while in Cunningham, the defendant had to serve 547 days of forfeited gain time, see 742 So.2d at 357, and in Eldridge the defendant had to serve 2573 days of forfeited gain time. No. SC93567, op. at -. The logic of those cases applies to section 921.0017.[2]
When the trial court restructured the defendant’s sentence to be a commitment of ten years with credit for time actually served, but without credit for gain time accrued during the defendant’s original incarceration in the Department of Corrections, the practical effect of the sentence was exactly the same. Under either formulation, the defendant forfeited the gain time earned during the original incarceration in the Department of Corrections. Defendant must serve the forfeited 175 days.
We conclude that there was no increase in sentence and no double jeopardy issue. Stated differently, if we were to vacate the modified sentencing order and reinstate the earlier sentencing order, the effect would be exactly the same.
Affirmed.

. According to the Department of Corrections, defendant was awarded 190 days of gain time, but forfeited fifteen days due to disciplinary action, so the net gain time applied to his sentence was 175 days.

. The crimes involved in Eldridge and Whittaker, and apparently the crime in Cunningham, were committed prior to the enactment of section 921.0017 in 1993, see ch. 93-406, § 14, Laws of Fla., and those cases were decided under other statutes.