779 So.2d 492 (2000)
Jerome R. CREWS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1966.
District Court of Appeal of Florida, Second District.
December 6, 2000.
Rehearing Denied January 11, 2001.
*493 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Jerome R. Crews appeals a sentence imposed upon violation of the probationary portion of a true split sentence. We affirm. If a trial court intends to impose the maximum period of imprisonment for a violation of the probationary portion of a true split sentence, it should impose the full original sentence of incarceration with credit for time served.[1] Due to statutory changes effective in 1989, it is no longer advisable for a trial judge to impose only the suspended portion of the original sentence without credit for time served.
In 1994, when charged with capital sexual battery, Mr. Crews pleaded guilty to a lesser charge of attempted capital sexual battery in order to receive a true split sentence of 20 years' imprisonment, with 15½ years of that sentence suspended to be served on probation. Mr. Crews committed the underlying offense sometime after October 1, 1989. Upon violation of his probation, the trial court sentenced Mr. Crews to 20 years' imprisonment and directed that he receive credit for time served and unforfeited gain time.
On appeal, Mr. Crews maintains that the maximum sentence that the trial court could impose was 15½ years' imprisonment, which was the portion of the original sentence that was suspended, without credit for time served. There was a time when such a sentence was an appropriate sentencing method in this context. See Johnson v. State, 641 So.2d 970, 971 n. 2 (Fla. 2d DCA 1994). This argument, however, fails to recognize statutory changes to sentencing which occurred prior to Mr. Crews' offense.
Mr. Crews relies, in large part, on Poore v. State, 531 So.2d 161 (Fla.1988). In Poore, the supreme court held that a defendant who violated the probationary portion of a true split sentence could not face new incarceration that exceeded the remaining balance of the withheld or suspended portion of the original sentence. This was based upon constitutional concerns of double jeopardy. See Poore, 531 So.2d at 163 (citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). At the time Poore was decided, however, a prisoner was permitted to accrue gain time which could be forfeited only for specific purposes and under specific procedures. See § 944.28, Fla. Stat. (1987); State v. Green, 547 So.2d 925 (Fla.1989). Thus, in order to protect a *494 defendant's entitlement to gain time, case law developed which explained that a trial judge sentencing a defendant after the revocation of the probationary portion of a true split sentence could impose either (1) a sentence equal to the suspended portion of the sentence without credit for time served, or (2) a sentence equal to the term of the initial sentence with credit for the full incarceration period previously imposed.[2]
Since 1988, however, a prisoner's entitlement to gain time has been substantially limited. Section 944.28(1) was amended effective July 1, 1988, to allow the Department of Corrections to revoke gain time based upon the revocation of a conditional release. See ch. 88-122, §§ 9, 92, Laws of Fla. The statute was amended again effective October 1, 1989, to allow the Department to forfeit all gain time upon a revocation of probation or community control. See ch. 89-531, §§ 6, 20, Laws of Fla. See also ch. 89-531, § 13 (codified at § 948.06(6), Fla. Stat. (1989)). As a result, a defendant receiving a true split sentence after October 1, 1989, is on notice that any accrued gain time is contingent upon the successful completion of the probationary portion of his sentence.
The supreme court has recently recognized this distinction between pre-and post-Green offenses. See Eldridge v. Moore, 760 So.2d 888 (Fla.2000). In short, a defendant sentenced for an offense occurring after October 1, 1989, must receive credit for time served, but "time served" does not include accrued gain time. For offenses committed after October 1, 1989, a sentence imposed upon revocation of the probationary portion of a true split sentence now runs afoul of double jeopardy principles only if the period of incarceration exceeds the total sentence originally imposed. Thus, a trial court desirous of imposing the maximum incarceration after revoking the probationary portion of a true split sentence may impose a sentence similar to that imposed upon Mr. Crewsthe full original sentence with credit for time served.
Affirmed.
PATTERSON, C.J., and CASANUEVA, J., Concur.
NOTES
[1] We also reject Mr. Crews' contention that the sentence was an illegal departure sentence. See Wilcox v. State, 625 So.2d 920 (Fla. 1st DCA 1993). See also Lee v. State, 666 So.2d 209 (Fla. 2d DCA 1995).
[2] For example, in Mr. Crews' case, if his offense had been committed prior to 1989, the trial judge would have been limited to imposing a 15½-year sentence, or a 20-year sentence with credit of 4½ years' time served, even if Mr. Crews had not actually served 4½ years in prison due to accrued gain time.