804 So.2d 575 (2002)
Michael W. MOORE, etc., et al., Appellants,
v.
Roosevelt STEPHENS, Jr., Appellee.
No. 5D01-539.
District Court of Appeal of Florida, Fifth District.
January 18, 2002.
*576 Wendy Benner-Leon, Assistant General Counsel, Department of Corrections, Tallahassee, for Appellants.
Roosevelt Stephens, Jr., Lowell, pro se.

ON MOTION FOR CLARIFICATION
PLEUS, J.
Pursuant to appellant's motion for clarification, we withdraw our prior opinion issued in this case on November 16, 2001, and substitute the following in its stead.
This case involves the issue of whether a prisoner whose probation on a "true split sentence" is revoked can receive credit for time served on the first part of his sentence against the suspended portion of his sentence. The Department of Corrections appeals a writ of mandamus ordering it to give Roosevelt Stephens credit for time served on his first sentence against his current sentence. The Department argues that Stephens is not entitled to receive credit for prior prison time served when, upon revocation of probation, he was sentenced to the suspended term of a true split sentence. We agree.
The facts are not disputed. In 1995, Stephens was sentenced as a habitual offender to 15 years in state prison, 13 years suspended, followed by five years probation. Both Stephens and the state agree that this was a "true" split sentence. Stephens served the two year unsuspended portion of his sentence as follows: 67 days of original county jail credit, 498 days of time served in prison, 165 days of additional gain time, a total of 730 days, or two years.
After his release from prison, Stephens began serving probation. Upon violating his probation, he was sentenced to serve the previously suspended 13 year prison term. The court awarded Stephens credit for 530 days, which consisted of 411 days time served on the violation of probation, 67 days original jail credit and 52 days additional jail credit. The court further ordered that Stephens "be allowed credit for all time previously served on this count in the Department of Corrections prior to sentencing."
Stephens returned to state prison. Pursuant to the court's order, the Department awarded Stephens credit for 530 days but did not award him the 498 days prison time he had previously served. The Department also forfeited the 165 days gain time awarded under the original incarceration pursuant to section 944.28(1), Florida Statutes.
Stephens filed administrative appeals which were denied. Stephens then filed a petition for writ of mandamus in the circuit court, alleging that the Department failed to award him credit for the 498 plus 67 days prior prison time. The Department responded, arguing that it had applied the 67 days credit to his sentence, but that Stephens was not entitled to the additional 498 days credit because his sentence was a "true split sentence."
The trial court issued a writ of mandamus ordering the Department to apply the 498 days prison credit against his 13 year sentence. The court analyzed the issue as follows:
Upon review of Petitioner's July 17, 1995 judgment and sentence, it does not appear that Petitioner was sentenced to 15 years, 13 years suspended conditioned upon completion of five years probation. Instead, Petitioner was sentenced to 15 years, 13 years suspended, followed by five years probation. Since *577 the sentencing order does not clearly state that suspension of 13 years was conditional upon successful completion of probation, this Court cannot find that Petitioner's July 17, 1995 sentence was a "true" split sentence. Therefore, Roberts v. State does not apply. Additionally, Petitioner's September 24, 1999 judgement [sic] and sentence clearly states that Petitioner is entitled to credit against his 13 year sentence for "all time previously served on this count in the Department of Corrections prior to sentencing".
A "true" split sentence consists of a total period of confinement with part of that confinement suspended. Generally, the defendant is placed on probation for the suspended portion of the confinement. See Poore v. State, 531 So.2d 161, 164 (Fla.1988). For example, a sentence of 10 years incarceration, five years suspended with the defendant placed on probation is a "true" split sentence. The defendant would serve five years, then be placed on probation for five years.
In contrast, a "probationary" split sentence involves a period of incarceration followed by a period of probation. Poore at 164. An example would be a sentence of ten years incarceration followed by five years probation. Under this example, the defendant would serve ten years in prison and then five years probation. The key distinction between a "true" split sentence and a "probationary" split sentence is the presence of a suspended portion of incarceration in the "true" split sentence. See Franklin v. State, 545 So.2d 851, 852 (Fla.1989).
If the defendant violates the probationary portion of a "true" split sentence, a court may revoke his probation and impose either the suspended portion of incarceration or the original period of incarceration. See Johnson v. State, 641 So.2d 970 (Fla. 2d DCA 1994). If the court imposes the original period of incarceration, it must give the defendant credit for time served on the original, non-suspended portion of the sentence. Hobbs v. State, 702 So.2d 560 (Fla. 2d DCA 1997). In the example above, the defendant could be sentenced to the remaining five years incarceration, with no credit for time served on the first five years. Or, the court could sentence the defendant to the original ten year incarceration with credit for the time served on the original five year term. The end result is the same: the defendant should serve a total of ten years in either case. See Moore v. State, 755 So.2d 806 (Fla. 3d DCA 2000).
Additionally, section 921.0017, Florida Statutes, requires that:
Effective for offenses committed on or after January 1, 1994, if an offender's probation or community control is revoked and the offender is serving a split sentence pursuant to s. 948.01, upon recommitment to the Department of Corrections, the court shall order credit for time served in state prison or county jail only, without considering any type of gain-time earned before release to supervision, or any type of sentence reduction granted to avoid prison overcrowding, including, but not limited to, any sentence reduction resulting from administrative gain-time, provisional credits, or control release. The court shall determine the amount of jail-time credit to be awarded for time served between the date of arrest as a violator and the date of recommitment, and shall direct the Department of Corrections to compute and apply credit for all other time served previously on the prior sentence for the offense for which the offender is being recommitted. This section does not affect or limit the department's authority *578 to forfeit gain-time under ss. 944.28(1) and 948.06(7).
In effect, the statute requires a defendant whose probation is revoked on a "true" split sentence to serve any time previously credited as gain time in addition to serving the suspended portion of incarceration. See Moore at 807.
In the instant case, Stephens served a total of 565 days (67 days jail credit and 498 days prison credit) on his original sentence. He was then arrested for violation of probation and spent 411 days in jail before his probation was revoked and the court imposed the suspended 13 years incarceration. Under this sentence, Stephens should have received credit only for the 411 days jail time and he should have also been required to serve the 165 days gain time forfeited under section 921.0017, Florida Statutes.
However, the sentencing court awarded Stephens a total of 530 days credit, which consisted of 411 days served on the violation, 67 days original jail credit and 52 days additional jail credit. The court further ordered that Stephens "be allowed credit for all time previously served on this count in the Department of Corrections prior to sentencing." The sentencing court erred in awarding Stephens 67 days original jail credit, 52 days additional jail credit and credit for "all time previously served...." See Roberts v. State, 702 So.2d 239 (Fla. 2d DCA 1997).
In Roberts, the second district succinctly described a case on all fours with the instant case, as follows:
The trial court sentenced him to 15 years' imprisonment, suspended after 5 years, with the remaining 10 years to be served on probation. After serving 27 months in prison and receiving 33 months of additional gain time, Mr. Roberts was released from prison. Subsequently, Mr. Roberts violated probation, and the trial court sentenced him in 1994 to 10 years' incarceration. The trial court gave him 21 days of jail credit and, by checking the standard provision in the sentencing form, authorized the Department of Corrections to give him prison credit.
In his motion, Mr. Roberts claims that the Department has given him 27 months' credit for the time served on the 1991 sentence. He requests a full 5 years' credit against the 10 year sentence. The trial court properly denied this motion, explaining that it had imposed the remaining 10 years of a true split sentence. See Johnson v. State, 641 So.2d 970 (Fla. 2d DCA 1994) (describing two methods employed for imposing the remainder of a true split sentence). Although the trial court checked the provision for jail credit, Mr. Roberts never served any time or received any credit on this remaining 10 year period of incarceration resulting from resentencing on a true split sentence. Thus, if the Department has actually given him credit, it would appear that he has received too much prison credit, not too little.
Id. Stephens argues that a defendant who is resentenced to prison after violating the probationary portion of a split sentence is entitled to credit for time served prior to the probationary term, citing Powell v. State, 763 So.2d 364 (Fla. 4th DCA 1998); Davis v. State, 701 So.2d 119 (Fla. 3d DCA 1997); Smith v. State, 685 So.2d 1362, 1363 (Fla. 2d DCA 1996); and Silverstein v. State, 654 So.2d 1040 (Fla. 4th DCA 1995). However, all of these cases involve "probationary" split sentences, not "true" split sentences.
Stephens incorrectly attempts to extend this rule of law to "true" split sentences by citing Hobbs v. State, 702 So.2d 560 (Fla. 2d DCA 1997) as authority for the proposition *579 that a trial court can impose the "remainder" of a "true" split sentence, so long as the defendant receives credit for his prior time in prison. Stephens misreads Hobbs, in which the trial court imposed two concurrent "true" split sentences of 15 and 20 years, both suspended after five years. Upon violating his probation, Hobbs was resentenced to the original 15 and 20 year terms, not to the "remainder" of his sentences. The district court held that this was an appropriate sentence "so long as the defendant receives credit for his prior time in prison." Id.
In contrast, Stephens was resentenced to the remainder, or suspended portion of his sentence. We find that our sister court's analysis in Roberts applies in this case. Accordingly, we quash the writ of mandamus with directions to order the Department of Corrections to require Stephens to serve an additional 165 days pursuant to Moore.
QUASHED; REMANDED.
GRIFFIN and PALMER, JJ., concur.