968 So.2d 1057 (2007)
Paul D. PRESSLY, Appellant,
v.
Ronald TADLOCK, Warden, Polk Correctional Institution; James McDonough, Secretary, Florida Department of Corrections; and State of Florida, Appellees.
No. 2D07-1857.
District Court of Appeal of Florida, Second District.
December 5, 2007.
Paul D. Pressly, pro se.
Kathleen Von Hoene, General Counsel, and Sean T. Garner, Assistant General Counsel, Tallahassee, for Appellee James McDonough, Secretary, Florida Department of Corrections.
No appearance for Appellees Ronald Tadlock or State of Florida.
ALTENBERND, Judge.
Paul D. Pressly appeals the circuit court's order denying his petition for writ of habeas corpus. He is understandably confused by the fact that the Department of Corrections (DOC) has calculated his release date on a 5-year sentence of imprisonment for a date that is more than 5 years from the commencement of the sentence. He is serving the second portion of a true split sentence following a violation of probation. The circuit court in the circuit where he is incarcerated properly denied his petition because the DOC calculation *1058 does not violate current law. If there is any error in his sentence that can be corrected at this time, that matter must be addressed in the circuit court that entered the sentence.
Mr. Pressly committed a robbery in Pinellas County. As a result, in July 2000, he received a true split sentence of 10 years' imprisonment, suspended after 5 years' imprisonment with the remaining 5 years to be served on probation. He was released from prison on October 1, 2004, after having served 1529 days in prison and receiving 43 days of jail credit and 253 days of incentive gain time.
He violated his probation and was resentenced on April 8, 2005. The trial court imposed the remaining 5-year term of imprisonment, granted 82 days of jail credit, and checked the box authorizing the DOC to allow credit for all prison time previously served on this count.[1]
Mr. Pressly believes that he served 1529 days on this sentence prior to resentencing and that he has now served all the time required by the resentencing on April 8, 2005. The DOC takes the position that none of the 1529 days served prior to his release in October 2004 applies to this net sentence of 5 years' imprisonment. Moreover, in light of section 944.28(1), Florida Statutes (2000), it concludes that he has forfeited 253 days of gain time. As a result of this forfeiture, he is actually expected to serve somewhat more than 5 years to complete the sentence imposed on April 8, 2005. Although this sentence will take longer than 5 years to serve, it will not exceed the 10-year true split sentence originally imposed.
This case was initiated as a petition for writ of habeas corpus in the circuit court of the county in which Mr. Pressly is incarcerated. Thus, the circuit court did not have the records from the criminal proceedings or a transcript of the sentencing hearing. The DOC responded to the petition by filing copies of the two sentences that it had received in the commitment documents transmitted with Mr. Pressly when he was transferred to the DOC.
Under the limited scope of review in such a case, the circuit court properly determined that the sentencing court had jurisdiction over the case and that the sentence, as interpreted by the DOC, was not void or illegal. See Alachua Reg'l Juvenile Det. Ctr. v. T.O., 684 So.2d 814, 816 (Fla.1996) (stating review limited to "whether the court that entered the order was without jurisdiction to do so or whether the order is void or illegal"). It further relied upon this court's decision in Roberts v. State, 702 So.2d 239 (Fla. 2d DCA 1997), which stated in dicta that the DOC was not required to give prior prison credit on a true split sentence that imposed the net time remaining on the suspended portion rather than the total time originally imposed. Id. at 239.
After our decision in Roberts, this court strongly encouraged trial judges not to impose the net remaining time on the suspended portion of a true split sentence because it creates confusion under current law. "If a trial court intends to impose the maximum period of imprisonment for a violation of the probationary portion of a true split sentence, it should impose the full original sentence of incarceration with credit for time served." Crews v. State, 779 So.2d 492, 493 (Fla. 2d DCA 2000). The standard sentencing forms do not contain language that allows for an easy resolution of prison credit or gain time when a *1059 trial court imposes only the net time remaining on the suspended portion of a true split sentence. We emphasize again that such net sentencing methods are not advisable.
Nevertheless, the circuit court in Polk County did not err in finding the sentence as interpreted by the DOC was legal. We have no basis to grant relief on appeal. If Mr. Pressly maintains that the trial court in Pinellas County orally imposed a 5-year sentence that was not the remainder of Mr. Pressly's true split sentence, we do not rule out the possibility that Mr. Pressly could obtain relief from that court pursuant to a motion for correction of an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). See Williams v. State, 957 So.2d 600, 603 (Fla. 2007). We merely hold that the circuit court in Polk County had no legal requirement to compel the DOC to release Mr. Pressly at this time.
Affirmed.
NORTHCUTT, C.J., and WHATLEY, J., concur.
NOTES
[1] The trial court sentenced Mr. Pressly using a form based on the 1996 version of Florida Rule of Criminal Procedure Form 3.986(d). The problem addressed by this opinion exists even with the more elaborate language contained in the 2005 version.