PLEUS, J.
The Department of Corrections (“DOC”) appeals from an amended order denying in part and granting in part the defendant’s petition for writ of habeas corpus. The broad issue concerns whether the trial court erred in concluding that DOC was required to grant prison credit time to the defendant after he violated the suspended portion of his true split sentence and was returned to jail. The trial court ruled that the sentencing order granted such credit, albeit in contravention of Florida law, and that DOC could not, consistent with the principle of separation of powers, decline to calculate such credit in setting the defendant’s release date. We reverse that portion of the amended order which granted in part the defendant’s petition for writ of habeas corpus upon the following holding: (1) on “unsuspending” the suspended portion of the defendant’s true split sentences following his violation of probation, the defendant was not entitled to prison credit toward his remaining incarceration for the prior period of prison incarceration, Moore v. Stephens, 804 So.2d 575 (Fla. 5th DCA 2002), Crews v. State, 779 So.2d 492 (Fla. 2d DCA 2000); (2) the language in the sentencing orders relating to prison credit for “30 months, stipulated,” is ambiguous; and (3) DOC, in setting the defendant’s release date, correctly interpreted the sentencing orders consistent with settled Florida law in concluding that the defendant was not entitled to credit for his previous prison time toward the remainder of the suspended portion of the sentences. See Pressly v. Tadlock, 968 So.2d 1057 (Fla. 2d DCA 2007).
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR ENTRY OF AN ORDER DENYING HABEAS RELIEF.
GRIFFIN and THOMPSON, JJ„ concur.