978 So.2d 259 (2008)
Timothy Ivan MORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-4227.
District Court of Appeal of Florida, Fifth District.
April 4, 2008.
Timothy I. Morris, Perry, pro se.
Bill McCollum, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Timothy Ivan Morris appeals from the denial of his petition for writ of habeas corpus, alleging entitlement to immediate release from prison. Although we agree that Morris is entitled to immediate release, we also find that jurisdiction to issue the writ lies only in a court with territorial jurisdiction over the physical location at which Morris is detained.[1] Therefore, we *260 order that Morris' petition be immediately transferred to the circuit court for the Third Judicial Circuit, in and for Taylor County, Florida.[2]
Morris was convicted of armed robbery and sentenced to a true split sentence on August 21, 1987. Originally, the court sentenced Morris to 35 years in prison, with 30.5 years suspended. After the first 4.5 years of incarceration, the suspended 30.5 years was to be served on probation. This was a "true split sentence." See Gibson v. Fla. Dep't of Corr., 885 So.2d 376, 381 (Fla.2004).[3] Upon his release from prison, Morris violated his probation by absconding from supervision in 1998. The trial court issued an arrest warrant based upon the probation violation, and Morris was ultimately arrested in Georgia, in 2006, on the outstanding warrant. He admitted the violation in an open plea to the court.
When a defendant violates the probationary portion of a true split sentence, "the judge may then resentence the defendant to any period of time not exceeding the remaining balance of the withheld or suspended portion of the original sentence, provided that the total period of incarceration, including time already served, may not exceed the one-cell upward increase permitted by" the sentencing guidelines. Franklin v. State, 545 So.2d 851, 852 (Fla.1989) (emphasis added). The sentencing range permitted under Morris' scoresheet, with the one-cell "bump" for Morris' probation violation, was 3.5 to 7 years. Therefore, the trial court could have re-imposed up to 7 years of the original 35-year sentence, with credit for the prior 4.5 years served. See Johnson v. State, 641 So.2d 970, 971 n. 2 (Fla. 2d DCA 1994) (describing two methods employed for imposing the remainder of a true split sentence, at least for offenses committed prior to the effective date of section 948.06(6), Florida Statutes (1989)). Alternatively, the court could have imposed as much as 2.5 years of the suspended 30.5 year sentence (with no credit for the prior 4.5 years previously served). Id.; see also Roberts v. State, 702 So.2d 239 (Fla. 2d DCA 1997) (holding that a defendant is not entitled to any credit for the original incarcerative portion of a true split sentence when the trial court imposes only the suspended portion of the sentence upon a violation of probation).
In this case, the trial court elected the first sentencing option, imposing a six-year sentence with express directions to the Department of Corrections ("DOC") that Morris be given credit for his time served on the 4.5-year sentence, less any forfeited gain time.[4] Clearly, however, DOC has *261 misconstrued Morris' sentence. In papers attached to his petition,[5] DOC cites Roberts as the basis for its decision to deny Morris credit for any of the 4.5 years previously served on this charge. In other words, DOC is treating the sentence as if the trial court had chosen the second sentencing option, and had imposed a six-year portion of the 30.5-year suspended sentence. This, of course, would result in an overall sentence of 10.5 years (the original 4.5-year incarcerative sentence plus 6 years of the suspended sentence), which would exceed the permissible guidelines range.
With no gain time forfeiture allowed and with Morris entitled to "basic" gain time during his current incarcerative term based upon his offense date, see section 944.275, Florida Statutes, we conclude that Morris is entitled to immediate release and is only being held because DOC has improperly denied Morris credit for the prior 4.5 years served in prison.[6] However, because jurisdiction properly lies only in a court with territorial jurisdiction over the facility at which Morris is being detained, a reversal is not appropriate. Therefore, we quash the order denying Morris' petition, and direct that Morris' petition for writ of habeas corpus be transferred to the circuit court for the Third Judicial Circuit, in and for Taylor County, Florida, for immediate action by that court.
ORDER QUASHED; PETITION FOR WRIT OF HABEAS CORPUS TO BE TRANSFERRED TO THIRD CIRCUIT, TAYLOR COUNTY.
PALMER, C.J., and GRIFFIN, J., concur.
NOTES
[1] See § 79.09, Fla. Stat. (2007); Bush v. State, 945 So.2d 1207, 1212 n. 8 (Fla.2006); Richardson v. State, 918 So.2d 999, 1001 (Fla. 5th DCA 2006).
[2] All pleadings filed with this court indicate that Morris is being detained at the Taylor Correctional Institution in Perry, Florida.
[3] Morris incorrectly argues that this sentence was illegal because it exceeded the guidelines range of 2.5 to 5.5 years of incarceration permitted by his original 1984 sentencing guidelines scoresheet. Contrary to Morris' argument, "a judge is entitled to impose a true split sentence for any length of time provided by law so long as the incarcerative portion falls within the guidelines recommendation." Franklin v. State, 545 So.2d 851, 852 (Fla.1989). Here, the 4.5-year incarcerative portion of the sentence fell within the permissible guidelines range.
[4] Although the trial court appropriately recognized the possibility for gain time forfeiture, in general, Morris committed his crime prior to the October 1, 1989, effective date of the Chapter 89.531, Laws of Florida (codified in section 948.06(7), Florida Statutes), which authorized DOC to forfeit previously-earned gain time upon revocation of a defendant's probation. See Glenn v. State, 639 So.2d 1036, 1038 (Fla. 5th DCA 1994). Therefore, DOC cannot revoke any of Morris' previously-earned gain time when crediting him with the 4.5 years already served. Id.
[5] It appears from these attachments that Morris has exhausted his DOC administrative remedies, which is a prerequisite to habeas relief in this context. Bush, 945 So.2d at 1210.
[6] Because Morris was entitled to full credit for the prior 4.5-year term served, with no gain time reduction, the remaining prison term as of the date of Morris' violation of probation sentencing on January 24, 2007, was 1.5 years or 18 months. Under section 944.275(4)(a) & (6)(a), the basic gain-time provision applicable to Morris' 1986 crime, Morris was immediately entitled to 6 months of basic gain time credit (10 days for each of the additional 18 months of his 6-year sentence), which would have produced a release date of January 24, 2008. Additionally, Morris was credited with an additional 84 days at the time of his VOP sentence for time served in jail while awaiting the VOP hearing, which should have produced a release date of November 4, 2007, even without additional gain time credits which Morris may have earned pursuant to other applicable gain time provisions.