ALTENBERND, Judge.
In these consolidated appeals, Regina Powers challenges two consecutive sentences of five years’ imprisonment imposed upon revocation of her probation. As Ms. Powers correctly argues, and the State concedes, the trial court erred in sentencing her to terms of incarceration greater than the remaining balance of her suspended sentences. We therefore reverse Ms. Powers’ sentences and remand for resentencing.
In February 2006, in case numbers 05-92CF and 05-593CF, Ms. Powers pleaded no contest to two third-degree felonies. The court imposed concurrent sentences of forty-eight months’ imprisonment, with the sentences suspended and served as two years’ probation. Later that year, Ms. Powers violated her probation and the court sentenced her to thirty months’ incarceration followed by eighteen months’ probation. In 2010, having completed the incarcerative portion of her sentences, Ms. Powers was charged with several new violations of her probation. After accepting Ms. Powers’ admissions to these violations, the trial judge sentenced her to consecutive terms of five years’ imprisonment, for a total sentence of ten years’ imprisonment.
Ms. Powers’ February 2006 sentences were “true split sentences.” See Poore v. State, 531 So.2d 161, 164 (Fla.1988), superseded by statute on other grounds as recognized in Crews v. State, 779 So.2d 492, 493-94 (Fla. 2d DCA 2000); Wardlaw v. State, 832 So.2d 258, 259 (Fla. 2d DCA 2002). By imposing this type of sentence, the original sentencing judge predetermined the sanction Ms. Powers would incur upon a violation of probation. See Poore, 531 So.2d at 164-165. Upon any such violation, the trial judge was limited to imposing sentences that would not exceed the remaining balance of the concurrent, forty-eight month suspended sentences. See Towbridge v. State, 564 So.2d 604 (Fla. 3d DCA 1990) (holding that after revoking defendant’s probation, trial court was required to reimpose original sentences as concurrent, not consecutive, when defendant initially received concurrent “true split sentences”).
The trial judge who imposed the sentences on appeal was not the trial judge who had imposed the two earlier sentences. The judge was aware that Ms. Powers’ original sentences were true split sentences in which the terms of imprisonment were fully suspended. The judge concluded that the sentences imposed on the first violation were not true split sentences and that the court was, thus, free to impose these longer consecutive sentences.
Admittedly, there are times when a defendant loses the benefit of a true split sentence by accepting a more favorable sentence on an initial violation of probation. This occurs when the more favorable sentence is not compatible with the terms of the true split sentence. See Lee v. State, 666 So.2d 209, 210 (Fla. 2d DCA 1995). As the State concedes, however, the short term of imprisonment followed by probation imposed on the first violation of probation in this case was not incompatible with the longer term of imprisonment that had been originally suspended. See Lawton v. State, 711 So.2d 142, 143 (Fla. 2d DCA 1998). Accordingly, Ms. Powers did not lose her right to receive the incarcerative portion of the true *516 split sentences at the sentencing hearing that is challenged in this appeal.
We therefore reverse and remand for resentencing that does not exceed “the full original sentence of incarceration with credit for time served.” Pressly v. Tadlock, 968 So.2d 1057, 1058 (Fla. 2d DCA 2007) (quoting Crews, 779 So.2d at 493).
Reversed and remanded.
SILBERMAN and BLACK, JJ., Concur.